53029. PIKE v. GREYHOUND BUS LINES, INC.

McMurray, Judge.

This is a workmen's compensation case. Claimant testified at the hearing that on July 7, 1974, he injured his back while trying to open a bus door which had become difficult to open.

Pursuant to a finding by the administrative law judge that claimant had failed to provide notice to his employer of the alleged injury as required under Code § 114-303 and a finding that claimant had not suffered any compensable injury, claimant was denied compensation. Appeals to the full board and the Superior Court of Fulton County were unsuccessful, and claimant now appeals to this court. *Held:*

1. Claimant testified that two days after his alleged injury he orally reported it to two of his supervisors. Neither of these supervisors testified at the hearing, and employer introduced no evidence directly contradicting that testimony. Claimant argues that because there was no evidence contradicting this testimony the board was unwarranted in finding that he had failed to provide notice of injury to his employer.

864

Claimant also testified that he had also reported his injury and obtained an injury report form from a third supervisor, employer's assistant district manager, and that he had returned the completed form to a fourth supervisor, employer's district manager, within 30 days after the date of the alleged injury. This testimony was contradicted by the testimony of these two supervisors.

"A witness may be impeached by disproving the facts testified to by him." Code § 38-1802. Where a witness has been successfully impeached, he ought not to be believed, and it is the duty of the trier of fact to disregard his testimony unless it is corroborated, in which case it may be believed. *Davis v. Newton,* 217 Ga. 75, 79 (3) (121 SE2d 153).

Claimant's testimony on a material point having been contradicted, there was no error in the board determining that claimant's testimony lacked credibility and in disregarding his testimony in its entirety. Code § 114-710; *Goldstein v. Drexler,* 102 Ga. App. 90, 93 (2) (115 SE2d 744).

2. Moreover, the testimony as to a compensable injury was in conflict. It is well settled in Georgia that any evidence is sufficient to support the findings of the board. The findings of fact and award being supported by evidence, the judgment will not be disturbed. *Phillips v. Royal Indem. Co.,* 93 Ga. App. 263, 265 (2) (91 SE2d 304); *Brown v. Lithonia Lighting Products Co.,* 138 Ga. App. 600 (226 SE2d 607).

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

Submitted November 3, 1976 — Decided January 4, 1977.

*E. Lynn Mitchell,* for appellant.
*Gambrell, Russell, Killorin & Forbes, Jack O. Morse, Edward W. Killorin,* for appellee.