42671. ADAMS v. THE STATE.
(338 SE2d 860)

HILL, Chief Justice.

Charles Adams was indicted for the murder of Chipper Brewer and for aggravated assaults upon Betty Mashburn, Marie Bennett and David Davenport. He was tried by a jury and found guilty on all counts. He brings this appeal.[1]

Adams' convictions arise out of an incident that occurred on the afternoon of May 3, 1984. Brewer was driving a pickup truck and was accompanied by the other three victims, one of whom, Betty Mashburn, was his common law wife. At about 4 p.m., Brewer stopped at a stop sign at the intersection of Fairview Church Road and Highway 76 in Union County. The defendant, driving his pickup truck and with his daughter in the passenger seat, pulled up behind Brewer's truck. These facts are undisputed.

The defendant, citing *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and relying on his testimony and that of his daughter, urges that the evidence was not sufficient for a rational trier of fact to have found beyond a reasonable doubt that he was guilty of murder.

We would agree, except that the defendant's reliance on his and his daughter's testimony is wholly misplaced. "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

---

[1] The crimes were committed on May 3, 1984, and the defendant was convicted on October 10, 1984. He filed a motion for new trial on November 6, and the transcript of evidence was completed on December 15, 1984. The motion was amended May 14, 1985, and denied on August 1, 1985. The notice of appeal was filed on August 23, 1985, the record was docketed here on September 4, 1985, and after briefs were filed the case was submitted on October 18, 1985, without oral argument.

doubt." *Jackson v. Virginia*, supra, 443 U. S. at 319. On appeal of a criminal conviction, the evidence is to be viewed "in the light most favorable to the prosecution" (i.e., in the light most favorable to the jury's determination that the defendant is guilty), not in the light most favorable to the defendant.[2]

The evidence, viewed in the light most favorable to the jury's determination, is as follows: When the defendant pulled up behind the victim's truck, he started revving his engine. The deceased responded by revving his engine. The defendant got out of his truck, walked to the driver's side of the deceased's truck, told the deceased he had no right to park in the road, cursed him, and invited him to get out and settle the matter. Davenport and the deceased got out of the truck and the defendant knocked the deceased to the ground.[3]

When Davenport and the deceased started to get back into the truck, the defendant knocked the deceased to the ground again. As the deceased was getting into his truck, the defendant got his pistol from his truck and fired several shots into the deceased's pickup truck, breaking its windows.[4] The defendant then walked to the driver's side of the deceased's truck and fired the shot which caused the deceased's death. A passing motorist corroborated parts of the surviving victim's testimony.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S., supra. This enumeration of error therefore provides no ground for reversal.

2. In his second and third enumerations of error, the defendant complains of instructions given to the jury on impeachment of witnesses. As to the first of these, viewing the instructions and charge as a whole, we find no error. *Ward v. State*, 239 Ga. 205, 207 (236 SE2d 365) (1977).

The trial court also charged the jury: "Now in considering whether witnesses have been discredited, you want to consider whether or not they have been impeached. A witness may be im-

---

[2] Although *Ridley v. State*, 236 Ga. 147 (223 SE2d 131) (1976), was effectively overruled by *Jackson v. Virginia*, supra, the statement therein that ". . . the defendant's testimony and that of his witnesses can be disregarded by the appellate court if the fact finders' verdict shows that such testimony was not believed." (236 Ga. at 149) is still a correct statement of law.

[3] The defendant's testimony that he thought Davenport stabbed him in the back at this point, and his daughter's testimony that she saw a shiny object in Davenport's hand, may be disregarded.

[4] The defendant's testimony that he fired into the ground was rejected by the jury, as was his testimony that he did not intend to shoot anyone.

peached in a number of ways, for instance a witness may be impeached by disproving his testimony by the testimony of other witnesses. Another way to impeach a witness is to introduce evidence of prior inconsistent or contradictory statements made by him as to matters relevant to the case. *Once a witness has been successfully impeached his testimony shall not be believed unless it is sustained by other competent evidence.* You the jury are always the final judge as to whether a witness has or has not been successfully impeached; that matter is always for you to decide." (Emphasis supplied.) The defendant attacks the emphasized language as invading the province of the jury, and for being vague and ambiguous in not specifying what is meant by "other competent evidence."

The charge is not in accord with the law. OCGA § 24-9-85 (a) provides: "When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury. The credit to be given a witness's testimony where impeached for general bad character or for contradictory statements out of court shall be for the jury to determine." OCGA § 24-9-85 (b) provides: "If a witness shall willfully and knowingly swear falsely, his testimony shall be disregarded entirely, unless corroborated by circumstances or other unimpeached evidence." See *Fugitt v. State*, 251 Ga. 451 (1) (307 SE2d 471) (1983); see also *Alexander v. State*, 247 Ga. 780 (4) (279 SE2d 691) (1981). The pattern jury charges undertake to clarify this matter. Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases, pp. 38, 39 (1984).

It may be that the trial judge's charge was taken from *Pike v. Greyhound Bus Lines*, 140 Ga. App. 863, 864 (232 SE2d 143) (1977), which is an oversimplification of a charge approved in *Davis v. Newton*, 217 Ga. 75 (3) (121 SE2d 153) (1961). In any event, the jury found that the defendant and his daughter were successfully contradicted as to material matters, as opposed to other matters, OCGA § 24-9-85 (a), supra, the jury was repeatedly instructed that it was the exclusive judge of the credibility of witnesses and, viewing the charge as a whole in light of the facts of this case, we find no reversible error.

3. In his fourth and seventh enumerations of error, the defendant objects to the "malice shall be implied" language of the statutory definition of murder as burden shifting. OCGA § 16-5-1 (b). In fact, the trial court recharged the jury at the state's request, correcting the language to "malice may be inferred" so as to avoid any conflict with *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). There is no error in the substituted language, "malice may be inferred." *House v. State*, 252 Ga. 409, 412 (314 SE2d 195) (1984); see also *Walden v. State*, 251 Ga. 505 (1) (307 SE2d 474) (1983). Thus, these enumerations do not require a new trial.

4. The defendant's complaint that the trial court committed re-

versible error in initially charging "let's do everything we can to reach a verdict because as you know we've spent two long days on this case and it's important to this county, to the defendant, to the family of the deceased as well as all the people that've been involved in this thing, that this matter be finalized," may also be answered by looking at the charge as a whole. This plea did not amount to an instruction to the jury to consider the expense of a trial in their deliberations as in *Driver v. State*, 155 Ga. App. 726, 728 (272 SE2d 580) (1980), relied upon by the defendant. Nor did the charge as a whole apply unnecessary pressure for a unanimous verdict as the above quoted clause was preceded in the same sentence by: "I would encourage you when you go to the jury room not to immediately take a positive, unflinching, unmoving, unmovable stand but approach your deliberations with caution, being interested in what your fellow jurors have to say, be openminded as to receiving their thoughts about this case and . . . [already quoted]."

Although the instruction does not caution the jurors not to surrender honest convictions in order to be congenial, see Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases, p. 20 (1984), the jury was charged as to the state's burden of proof beyond a reasonable doubt and as to the necessity for a unanimous verdict. Moreover, the instruction challenged here was not addressed to a split jury, and therefore was not coercive and not reversible error.

5. The defendant's final enumeration of error is that the trial court erred in overruling his motion for new trial for the reason that the jury returned a general verdict of guilty of murder, and failed to specify whether he was found guilty of malice murder or felony murder. There was no objection to the form of the verdict.

This problem was first identified in *Reed v. State*, 238 Ga. 457 (7) (233 SE2d 369) (1977). Since that time, it has been a recurring problem. See cases collected in *Walker v. State*, 254 Ga. 149, 161 (327 SE2d 475) (1985) (Hill, C. J., concurring). In *Dillard v. State*, 251 Ga. 858, fn. 1 (310 SE2d 518) (1984), Justice Weltner pointed out that when a jury is charged on malice murder and on felony murder, the judge should instruct the jury to make its verdict clear by finding the defendant "guilty of murder with malice aforethought" or "guilty of felony murder" (or "not guilty").

A majority of this court has held however that where a defendant is charged with murder of one person and aggravated assault upon another person, the aggravated assault does not merge into the felony murder; i.e., the verdicts of guilty of felony murder as to one person and aggravated assault as to another person will be upheld. *Satterfield v. State*, 248 Ga. 538 (3) (285 SE2d 3) (1981). We therefore find no reversible error here.

*Judgment affirmed. All the Justices concur.*

Decided January 17, 1986 —
Reconsideration denied February 18, 1986.

Oliver & Oliver, Robert F. Oliver, Timothy P. Healy, for appellant.

Michael H. Crawford, District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Staff Assistant Attorney General, for appellee.