73484. PHINAZEE v. THE STATE.
(354 SE2d 671)

BEASLEY, Judge.

Defendant was convicted of misdemeanor theft by taking (OCGA §§ 16-8-2; 16-8-12 (a)) for the theft from an auto supply store of a set of automobile fog lights.

1. Defendant filed a motion for new trial on the general grounds, which was denied. On appeal, he urges that the court applied unconstitutional criteria in ruling on this motion. The only items in the record concerning the motion are the motion and brief and the order of the court denying it. "There is no record or transcript of the hearing on appellant's motion for a new trial, and in the absence of any evidence in the record, it is presumed the trial court acted properly in denying appellant's motion for a new trial on the ground stated. [Cits.]" *Hicks v. State*, 175 Ga. App. 243, 244 (3) (333 SE2d 113) (1985); see *Maddox v. State*, 174 Ga. App. 728, 733 (7) (330 SE2d 911) (1985).

2. Defendant also alleges that the trial court erred in not granting his motion for new trial on the general grounds. In this regard, on appeal, viewing the evidence in the light favorable to the verdict, the test is that established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

The manager of the auto store testified that he saw defendant standing near a display of the fog lights and that as he exited the store carrying a purchased carton of oil, he acted suspiciously, carrying the carton so the manager could not see it, as if he were secreting something. Then the manager noticed that one of the three display cartons of lights was missing. He sent his employee out to the car to investigate. Although defendant claims the employee testified inconsistently, we have examined his testimony and find it consistent. He

said he was looking out the window of the store and saw defendant put the box of lights in the back seat of the car. When he went out to investigate, he saw the defendant sitting in the back seat with his arm on top of the box. The police were called and arrested defendant later at his home.

Although the lights were not found, we find the testimony of the manager and the employee sufficient under the *Jackson v. Virginia* standard.

3. Finally, defendant complains that his character was placed in issue by the state's asking him on cross-examination if he had ever had trouble with the two store employees. A review of the record reveals, however, that no objections were made to these questions. Matters will not be considered for the first time on appeal. *Morris v. State*, 179 Ga. App. 228, 229 (3) (345 SE2d 686) (1986); *Thurman v. State*, 172 Ga. App. 16, 17 (2) (321 SE2d 780) (1984).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MARCH 4, 1987.

*Virgil L. Brown*, for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.