## 74265. HALSELL v. THE STATE.
(359 SE2d 393)

SOGNIER, Judge.
Halsell appeals from his conviction of armed robbery, trafficking in cocaine in violation of the Georgia Controlled Substances Act, aggravated assault and possession of a firearm during commission of a crime.

Appellant enumerates four errors on this appeal. First, denial of his motion for a new trial because the State did not disclose certain tape recordings containing exculpatory material pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215). Second, denial of his motion for a new trial based on newly discovered evidence. Third, denial of his request to take part personally in closing argument, and fourth, denial of his request that the jury be permitted to view the van involved in this case.

None of the errors enumerated by appellant are supported by the record or transcript. Appellant filed no *Brady* motion for disclosure of exculpatory materials, and neither the motion for new trial or the two amended motions for new trial raise the issue of newly discovered evidence. Appellant acknowledges in his brief that the transcript does not disclose a request for a view of the van by the jury or a request that he be allowed to participate personally in closing argument. He stated, however, that such requests were made and the State should admit that such requests were made. We have no such admissions from the State before us.

This court cannot consider matters raised for the first time on

appeal, *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985), nor can we consider factual representations in a brief which are not supported by the transcript. *McCutchen v. State*, 177 Ga. App. 719, 722 (3) (341 SE2d 260) (1986). Hence, there is nothing for us to review.

Appellant filed pro se briefs in addition to those filed by his counsel. None of the matters raised in his briefs, however, were enumerated as error, objected to at trial or made the subject of pretrial or trial motions. Thus, for the reasons set forth above, we cannot consider such allegations.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 22, 1987 —
REHEARING DENIED JULY 6, 1987 — 

*George M. Saliba II, Roy W. Copeland*, for appellant.
*H. Lamar Cole, District Attorney*, for appellee.