## 75508. RAINES v. THE STATE.
### (366 SE2d 841)

SOGNIER, Judge.

Appellant was convicted of the offense of trafficking in cocaine and he appeals.

The record reveals that appellant and his traveling companion,

Ojo Arewa, were stopped by law enforcement agents while passing through the Atlanta airport en route home to Columbus, Ohio from a three-day trip to Miami. Both consented to a search, and no contraband was found on appellant, who was cooperative, identified himself properly, and produced his airline ticket. The search of Arewa unearthed more than 28 grams of a mixture with a purity of more than 10 percent cocaine. Appellant and Arewa were both arrested and indicted for the offense of trafficking in cocaine. Appellant's motion to sever his trial from that of Arewa was granted, and prior to appellant's trial, Arewa was tried and convicted.

1. In his first enumeration of error, appellant asserts the trial court erred by denying his motion for a continuance, sought on the basis that appellant had been unable to obtain the transcript of the testimony Arewa gave at his own trial, which was needed for purposes of cross-examination. "The refusal of a motion to continue will not be reversed unless it is manifest that there has been an abuse of discretion on the part of the trial judge. [Cits.]" *Chesser v. State*, 168 Ga. App. 195, 197 (308 SE2d 589) (1983). In the instant case, Arewa's trial had taken place approximately a month before appellant's trial, and no evidence was proffered at the hearing on appellant's motion for continuance, which took place the day before trial, that the transcript had been previously requested. Moreover, Arewa freely admitted both on direct and cross-examination that his testimony against appellant differed substantially from the testimony he gave at his own trial, and stated that his previous testimony had been perjured. Further, when appellant's case was called for trial, appellant's counsel announced "ready," and "the announcement of ready constitutes a waiver of [appellant's] right to a continuance. [Cit.]" *Whatley v. State*, 162 Ga. App. 106 (1) (290 SE2d 316) (1982). Under these circumstances, we find no abuse of the trial court's discretion in denying appellant's motion for a continuance.

2. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal because the only evidence linking appellant to the crime charged was that of Arewa, an alleged accomplice. See OCGA § 24-4-8. However, the record does not support this contention. Arewa testified that the trip to Florida was instigated by appellant for the purpose of purchasing cocaine, and that the cocaine was bought with appellant's money. This testimony was corroborated by the testimony of Arewa's brother, who testified he was present on several occasions when the plans were discussed. " 'Under (OCGA § 24-4-8), testimony of an accomplice must be corroborated by either another witness or by corroborating circumstances. The corroboration, however, need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged. [Cit.]' [Cit.]"

*Fowler v. State*, 171 Ga. App. 491, 492 (1) (320 SE2d 219) (1984). In light of the fact that only slight corroboration connecting appellant with the crime is necessary, the denial of the motion for a directed verdict of acquittal was not error. See *Quaid v. State*, 132 Ga. App. 478, 483 (1) (208 SE2d 336) (1974).

3. Appellant next maintains the trial court erred by failing to qualify his witness as an expert. We do not agree. Appellant's witness, Dr. Benjamin Maleka, a professor at Ohio State University Medical School and a friend of appellant and his family, was asked whether, in his opinion, appellant used cocaine. The trial court sustained the State's objection to this question. However, the opinion that appellant was not a user of cocaine, which had been ruled out by the court, was subsequently given in response to another question. Thus, even assuming the trial court's failure to qualify Dr. Maleka as an expert in this regard was erroneous, appellant has shown no harm. "It is axiomatic that ' "(h)arm as well as error must be shown to authorize a reversal by this court." [Cit.]' [Cit.]" *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888) (1987). In addition, the record reflects that Dr. Maleka was never tendered to the court as an expert in the recognition or identification of cocaine users, nor was a proper foundation laid for such a tender. Thus, the record fails to support this enumeration and it presents nothing for us to review. *Halsell v. State*, 183 Ga. App. 549, 550 (359 SE2d 393) (1987).

4. In his remaining enumerations, appellant asserts error in three charges given by the trial court.

(a) We find no merit in appellant's contention that the trial court erred by failing to use the word "evidence" instead of the word "testimony" in instructing the jury regarding impeachment as follows: "If you find that a witness has been successfully impeached by proof of previous contradictory statements, you may disregard that testimony unless it is corroborated by other credible testimony." The only evidence in question was testimony, and thus we find no logical reason why the word "evidence" should be preferable here. The charge given is a correct statement of the law, and is supported by the authority cited to us by appellant. *Pike v. Greyhound Bus Lines*, 140 Ga. App. 863 (232 SE2d 143) (1977).

(b) Appellant next alleges it was error for the trial court to charge the jury on constructive possession, since the offense charged requires a showing of *actual* possession. However, the trial court correctly charged the jury that they would be authorized to convict appellant "only if they should find beyond a reasonable doubt that [appellant] knowingly had actual possession either alone or jointly with others. . . ." The trial court also properly charged the jury that appellant could be charged with and convicted of the crime "if he directly commits the crime . . . or where he intentionally aids or abets

in the commission of the crime or where he intentionally advises, encourages, hires, counsels or procures another person to commit the crime." OCGA § 16-2-20. The jury would have been authorized to believe from the evidence adduced at trial that appellant had committed the crime, since cocaine was found on the person of Arewa, and there was corroborated evidence that appellant aided and abetted Arewa in possessing it and bringing it into this State. We find, therefore, that although the charge on constructive possession may have been inapplicable, it was mere surplusage. "[A]n erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. [Cit.]" *Davis v. State*, 167 Ga. App. 701, 702 (1) (307 SE2d 272) (1983). Compare *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), reversing a conviction of the offense of trafficking in cocaine where the trial court erroneously instructed the jury that they would be authorized to convict if they found that the defendant had actual *or constructive* possession of drugs. We do not find the trial court's charge in the instant case so prejudicial or harmful as to require reversal.

(c) Finally, we find no merit in appellant's contention that the trial court's charge on moral turpitude was an improper comment on the evidence. The trial judge's definition of moral turpitude was given in response to a juror's question about the meaning of the phrase in connection with the impeachment of witnesses. The trial court's response to the question was that the term was hard to define, but that "[g]enerally it has been said that moral turpitude is those type crimes that are involved with a violation of the Ten Commandments." While this definition may have been unorthodox, its only relevance was in regard to a witness appellant sought to impeach by proof of conviction of a violation of a municipal ordinance, which would not, under any definition, be considered a crime of moral turpitude. Thus, even assuming error in the trial judge's definition, we are unable to see any harm shown by appellant, and it is well established that "[a]n appellant must show harm as well as error to warrant reversal. [Cit.]" *Sanders v. State*, 182 Ga. App. 581, 585 (4) (356 SE2d 537) (1987).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 7, 1988.

*Alan B. Waln*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.