76020. DENTON v. THE STATE.
(368 SE2d 811)

McMurray, Presiding Judge.

Defendant was charged in separate indictments with the burglary of Hank's Auto Sales and the burglary of the Alan Hill residence. The evidence adduced at trial showed that defendant committed the crimes charged in the indictments after he and his accomplice, James Etheridge, "escaped off a road detail in Leesburg, [Georgia]." Defendant committed both crimes while attempting to make good his escape. The jury found defendant guilty of the crimes charged in both indictments and this appeal followed. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in denying his motion to sever the offenses of the indictments.

" 'Offenses may be "joined for trial when they are based (1) 'on the same conduct' or (2) 'on a series of acts connected together' or (3) on a series of acts 'constituting parts of a single scheme or plan.' (Cit.) If offenses are joined for any of these three reasons, the defendant

does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary 'to achieve a fair determination of the defendant's guilt or innocence of each offense.' (Cit.)" *Haisman v. State*, 242 Ga. 896, 900 (252 SE2d 397) (1979).' *Fluker v. State*, 171 Ga. App. 415, 417 (2) (319 SE2d 884)." *Isbell v. State*, 179 Ga. App. 363, 366 (2) (346 SE2d 857). In the case sub judice, there was more than sufficient evidence showing that the crimes charged in the indictments were a series of acts connected together. Consequently, the trial court did not abuse its discretion in denying defendant's motion to sever.

2. Defendant contends in his second enumeration of error that the trial court erred in allowing into evidence a statement made by him subsequent to his arrest. He argues that an oral statement he made to a law enforcement officer after his arrest "should have been excluded from the evidence by the trial court . . . because [it was] made prior to his being advised of his rights under *Miranda v. Arizona*, 384 U. S. 436, 86 SC 1602, 16 LE2d 694 (1966)."

The evidence adduced at a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing conducted during trial showed the defendant was apprised of his rights under *Miranda v. Arizona*, supra, prior to being questioned by the law enforcement officer and prior to defendant giving his statement. "A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous. See generally *Gates v. State*, 244 Ga. 587, 590 (261 SE2d 349) (1979)." *Stephens v. State*, 170 Ga. App. 342, 343 (317 SE2d 627). Since the record in the case sub judice supports a finding that defendant was apprised of his *Miranda v. Arizona*, supra, rights prior to questioning, this enumeration of error is not supported by the record and is, therefore, without merit.

3. In his final enumeration of error, defendant contends that "[e]rror may have been committed by allowing [him] to appear in Court in leg irons in the presence of the jury prior to the return of the jury's verdict." Not only is this contention not supported by the record, this issue is raised for the first time on appeal. "This court cannot consider matters raised for the first time on appeal, *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985), nor can we consider factual representations in a brief which are not supported by the transcript. *McCutchen v. State*, 177 Ga. App. 719, 722 (3) (341 SE2d 260) (1986)." *Halsell v. State*, 183 Ga. App. 549, 550 (359 SE2d 393). Consequently, for the reasons set forth above, in the case sub judice there is nothing for this court to review.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 19, 1988.

*Tommy R. Hankinson*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Eric D. Hearn, Assistant District Attorney*, for appellee.