76891. JONES v. THE STATE.
(373 SE2d 86)

BIRDSONG, Chief Judge.

Jerry Jones appeals his conviction for violation of the Georgia Controlled Substances Act at OCGA §§ 16-13-30 (b) and 16-13-26 (1) (d), involving the sale of cocaine. He asserts the general grounds of insufficiency of the evidence to prove guilt beyond reasonable doubt, and to find Jones sane beyond a reasonable doubt; and complains of the denial of his motion for new trial. *Held:*

The evidence showed that the testifying undercover police officer went with "Red," an informant, to the American Legion Club parking lot around 5:00 p.m. on April 4, 1987. "Red" was to show or point out to the officer persons from whom he could buy drugs. In the parking lot, the officer asked Red to call Jones over to the car. The officer testified that when Jones approached the car, "he wanted to know what we wanted and I told him I wanted to buy."

The officer further testified he learned Jones was also known as "Big Man" because of his size. The officer identified the appellant as the "Big Man" who sold him the drugs, although the appellant did not look the same because he had changed his appearance by cutting all his hair off and trimming his beard. The officer also testified that he knew of two persons in Moultrie called "Big Man," but that he could distinguish between them and knew "positively" the appellant

seated in court, on trial, was the person who sold him drugs on April 4, 1987.

Reginald "Red" Coates testified. He is the person who the police officer testified was with him in the car, and who pointed out persons who sold drugs. Red testified the officer frequently would drive him around and would give him some crack and liquor if Red showed him how to find some sellers. However, Red denied having ever called appellant Jones to the officer's car, denied having bought drugs from Jones or having seen anyone else buy drugs from Jones, and denied specifically the incident at the American Legion as described by the officer.

On the appeal of a criminal conviction, the evidence is viewed as the jury viewed it, that is, in favor of the verdict of conviction; and the presumption of innocence no longer prevails. *McGinnis v. State*, 183 Ga. App. 17, 18 (358 SE2d 269). As to conflicting evidence and testimony, the weight of evidence and the credibility of the witnesses is for the jury to determine. Id.; *Russell v. State*, 174 Ga. App. 436, 437 (330 SE2d 175). The jury in this case evidently credited the officer's statement that he bought cocaine from appellant, a/k/a "Big Man," on April 4, 1987, and that although he knew two persons called "Big Man," he could clearly distinguish them, and was not confused, and that the defendant on trial was the person who sold him cocaine on April 4, 1987.

The evidence in this case was not entirely circumstantial, but was direct eyewitness testimony and positive identification; it is sufficient to permit the jury, as rational triers of fact, to find appellant Jerry Jones guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Therefore, the trial court did not err in denying the motion for new trial on grounds of sufficiency of the evidence.

As for the apparent allegation that the evidence was insufficient to find appellant sane beyond a reasonable doubt, there was no distinct issue made of his sanity in the trial (*Halsell v. State*, 183 Ga. App. 549 (359 SE2d 393)), and the point is not argued in the brief. It is therefore deemed abandoned (*Dawson v. State*, 166 Ga. App. 515 (1) (304 SE2d 570)), and it is without merit in any event.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 13, 1988.

*Thomas L. Kirbo III*, for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.