## 76433. EVANS v. THE STATE.
### (373 SE2d 70)

POPE, Judge.
Appellant Sylvester Evans was tried and found guilty of three counts of armed robbery. Count I alleged the robbery at knife point of $166 from the clerk of the Jett Oil Company in Cobb County on April 4, 1985. Count II alleged the theft of cash and jewelry with the use of a pistol from a resident in his home in Cobb County on April 6, 1985. Count III alleged a robbery with a pistol of $360 from a clerk of a Majik Market in Cobb County on April 7, 1985. He appeals his convictions on all counts.

1. Appellant contends the trial court erred in refusing to grant his motion to sever all three counts for trial. He argues that the evidence relating to one offense would not be admissible in the trial of any of the others, as the crimes charged did not arise out of the same conduct, did not involve the same victims or witnesses, did not occur on the same day, and the unrelated robberies of the two commercial establishments were separated by the unrelated robbery/burglary of a private residence. We do not agree.

Contrary to appellant's assertions, the record shows that the three armed robberies were related in time, manner, general location and circumstance of arrest. Appellant was identified as the perpetrator of each armed robbery, as was his car, which was used in the commission of all three crimes. The crimes occurred over a four-day period. Two armed robberies took place at night in convenience store-type gas stations, where appellant entered the store and another person waited in his car. The knife used in the Jett Oil robbery was recovered during appellant's flight from the Majik Market robbery. The daytime robbery of the residence was perpetrated the day before and on the same street as the Majik Market offense, during both of which appellant threatened to kill the victims and was assisted by a black male. The victim of the residence robbery was threatened with his own gun, which appellant then also used in the Majik Market rob-

bery. Appellant's identity as the perpetrator of the first two armed robberies resulted from his capture and arrest following the third crime.

"Offenses may be joined which are based on the same conduct, on a series of connected acts, or on a series of acts constituting parts of a single scheme or plan. 'If offenses are joined for any of these three reasons, the defendant does not have an automatic right of severance; instead, the trial judge may grant severance if it is necessary "to achieve a fair determination of the defendant's guilt or innocence of each offense." (Cits.)' *Isbell v. State*, 179 Ga. App. 363, 366 (346 SE2d 857) (1986)." *Floyd v. State*, 186 Ga. App. 777, 777-778 (368 SE2d 541) (1988). "[T]here was more than sufficient evidence showing that the crimes charged in the indictments were a series of acts connected together. Consequently, the trial court did not abuse its discretion in denying [appellant's] motion to sever." *Denton v. State*, 186 Ga. App. 864, 865 (368 SE2d 811) (1988). Accord *Watkins v. State*, 187 Ga. App. 108 (2) (369 SE2d 356) (1988).

2. Appellant complains that the trial court erroneously allowed the State on cross-examination to "delve into" the employment history of a defense witness who had worked for the Cobb County Sheriff's Department. The trial transcript reveals that defense counsel's objection to the State's question concerning why this witness was terminated was sustained and that appellant asked for no further relief. "[T]hus he is left with nothing 'to complain about on appeal . . . .'" [Cit.]" *White v. State*, 255 Ga. 210, 214 (336 SE2d 777) (1985).

Appellant further argues that the trial court improperly allowed the State to present rebuttal testimony to impeach this defense witness because the testimony concerned specific acts which would put the witness' character in issue, contrary to OCGA § 24-9-84. The rebuttal witness, a Cobb County deputy sheriff, testified that the defense witness' "general character" was not good, and that he had been fired from the sheriff's department for "making untruthful statements." However, no objections were made during the State's examination of the rebuttal witness, either as to the form of the questions or the answers elicited; the witness was also subject to cross-examination by defense counsel. Thus "[t]his argument has been waived because it was not presented to the trial court. [Cits.]" *Aguilar v. State*, 240 Ga. 830, 834 (242 SE2d 620) (1978). Accord *Allen v. State*, 186 Ga. App. 778 (3) (369 SE2d 357) (1988); *Phinazee v. State*, 182 Ga. App. 45 (3) (354 SE2d 671) (1987).

3. Appellant asserts that two pretrial photographic lineups were impermissibly suggestive and hence the trial court erred in denying his motion to suppress this evidence. The basis for appellant's complaint is that he was wearing a noticably different hairstyle from the other men in the photographs; and that while the first display con-

tained six photographs, the second lineup consisted of only four pictures which appellant contends were not enough to ensure a fair display. The six-person photographic display does not appear in the record, and we do not discern any remarkable distinctions in the hairstyles of the persons comprising the four-picture lineup. The first victim was unable to make either a pretrial or in-court identification of appellant as the perpetrator, but an eyewitness to the first crime and the victims of the second and third crimes clearly observed him during the commission of those offenses and were able to positively identify appellant both from photographs and at trial.

We do not find any reason to conclude that the pretrial identification in evidence at trial violated appellant's constitutional due process rights under *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972), in that the procedures were impermissibly suggestive or that as a result thereof there was a substantial likelihood of irreparable misidentification. Any conflicts in the evidence concerning appellant's identity were resolved against him by the jury. *Lee v. State*, 186 Ga. App. 332 (1) (367 SE2d 115) (1988). Moreover, "[e]ven if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. [Cit.]" *Selbo v. State*, 186 Ga. App. 779, 781 (368 SE2d 548) (1988). Appellant has presented no grounds for reversal.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 13, 1988.

*George R. Asinc, Roy D. Petersen*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.