A89A1116. FUTCH v. THE STATE.
(385 SE2d 18)

SOGNIER, Judge.

Eugene Futch was convicted of burglary and he appeals.

Appellant's sole enumeration contends error in the admission of witness Marilyn Clements' in-court identification of appellant, which appellant asserts should have been excluded because it was tainted by a suggestive pre-trial photo spread. The record of the hearing on appellant's motion to suppress Clements' identification of appellant reveals that Clements was shown a six photo lineup consisting of middle-aged white males, all balding and all with glasses. Two of the photos depicted men (appellant in photo no. 5 and another in photo no. 2) with mustaches. Clements stated she had had difficulty choosing between these two photos and had tended toward photo no. 2 because the man therein was the slenderer of the two, consistent with the description she gave the police shortly after the incident. Clements testified, however, that her identification of appellant was not based on the photos but was based on her memory of what she had seen at the victim's house. The trial court did not find that the photographic array was impermissible, but did grant appellant's motion to suppress insofar as the photo identification was concerned, stating that he would allow in-court identification if Clements could make it.

At trial, Clements testified she lived right across the street from the burglary victim and that around mid-morning on the date in issue, she observed a man drive up, play momentarily with the victim's dog, then enter the victim's house. Although no precise measurement of the distance between Clements and the man she observed is in the transcript, Clements described the distance in terms of the layout of the courtroom and also testified that she was farsighted. Clements stated she told the police the man she had seen was a thin white male, partially bald, with dark-rim glasses and a mustache, and after noting that appellant no longer had a mustache and had changed his hair style, positively identified appellant as the man she had seen entering the victim's home.

"Based on the evidence we find nothing which tainted the pretrial identification by photo spread, and nothing in that identification which would taint [Clements'] in-court identification of appellant. Whether a subsequent in-court identification is tainted depends on all the circumstances of the case. Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. [Cits.] In the instant case there is absolutely no evidence to show that the photo spread identification was tainted in any way." Selbo v. State, 186 Ga. App. 779, 781 (368 SE2d 548) (1988). "Any conflicts in the evidence concerning appellant's identity were resolved against him by the jury. [Cit.] Moreover, '(e)ven if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. (Cit.)' [Cit.] Appellant has presented no grounds for reversal." Evans v. State, 188 Ga. App. 379, 381 (373 SE2d 70) (1988).

Judgment affirmed. Banke, P. J., and Pope, J., concur.

DECIDED JULY 14, 1989.

Lennie L. Darden III, for appellant.

Spencer Lawton, Jr., District Attorney, John T. Garcia, Assistant District Attorney, for appellee.

