## A98A0665. SIMONDS v. THE STATE.
### (499 SE2d 744)

BLACKBURN, Judge.

Charles Scott Simonds appeals his conviction on two counts of attempted kidnapping, contesting the sufficiency of the evidence. He also contends that the trial court erred in allowing evidence of a pretrial identification and in refusing to allow him to undergo a post-trial polygraph examination.

1. "On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact." (Punctuation omitted.) *Jessup v. State*, 224 Ga. App. 176, 177 (480 SE2d 232) (1996).

Adam Privett, who was six years old at the time of trial, testified that he was playing in the road near his house with a friend, John Riddle. He testified that a man drove up in a car and asked them if they wanted to get in and go racing. Privett said the man told them that, if they got in the car, he would take them to his house and give them candy and toys. When the children said no and backed away, the man drove off. The man returned shortly thereafter and again asked the children if they wanted to get in the car. Again the children said no, and the man drove off. Privett testified that the car was white with a burgundy top and stars on the hubcap. He said that the man was wearing jeans, a white shirt, and a black toboggan hat.

Privett testified that, after the incident, he picked Simonds' picture out of a group of photographs shown to him by Detective Lawrence Moseley. He also testified that Moseley showed him a car, and that he identified it as the car the man was driving. However, when Privett was asked if he saw, in the courtroom, the man who had approached him, he said that he did not.

John Riddle, who was seven years old at the time of trial, testified that he was playing with Privett when the man drove up. Riddle was on the passenger side of the car and heard the driver tell Privett to get into the car. The man drove away, but came back a second time. Riddle testified that when the car came back, he and Privett went and hid in the barn near Privett's house. Riddle also testified that the car had a "bent" section on the passenger side.

Detective Moseley of the Jesup Police Department testified that

Simonds had been arrested for driving a stolen car, and that the car matched the description of the vehicle given by Privett and Riddle. When the car was recovered, the center piece of one of its hubcaps was missing, and there was a dent on the passenger side door. The car did not have a license plate, but there was a temporary tag in the rear window. Privett and Riddle were brought to the station to look at a photographic lineup. Privett identified Simonds' photograph as the man who had approached him in the car. The next day, Moseley showed Privett the car that Simonds had been driving when he was arrested, and Privett identified it as the car the man was driving. Moseley testified that Riddle was unable to identify Simonds in a photographic lineup or to identify the car.

Moseley testified that Simonds told him he did not own a toboggan cap. However, two other witnesses testified that they had seen Simonds wearing a dark ski or toboggan cap near the time of the incident.

Tammy Lynn, a neighbor of the Privetts, testified that she had seen a white and burgundy car driving very slowly along the road the day of the incident. She said the car drove by ten or eleven times in a forty-five minute period. The driver was wearing a white shirt and a black knit hat. She testified that one of the car's hubcap plates was missing. She started to write down the tag number, and noticed that the tag was inside the car's rear window. She was later shown Simonds' car by Detective Moseley, and identified it as the car she saw.

Although largely circumstantial, this evidence was sufficient to authorize the jury to find Simonds guilty beyond a reasonable doubt of the offense of attempted kidnapping. *Jackson v. Virginia*, supra.

2. Simonds contends the trial court erred in allowing testimony regarding Privett's pre-trial identification of Simonds at the photographic lineup. Although he cites no authority in support of this enumeration, he argues that the circumstances surrounding the procedure were suspicious.

We have previously held that "[c]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." (Punctuation omitted.) *Futch v. State*, 192 Ga. App. 345, 346 (385 SE2d 18) (1989). In this case, Privett was not able to identify Simonds at trial, but Detective Moseley testified that Privett had picked Simonds' picture out of the photographic lineup. Although Simonds does not contend that such testimony amounted to hearsay, we note that "[a] law enforcement officer is permitted to testify to a vocal fact of identification witnessed by himself without its being subject to a hearsay

objection." (Punctuation omitted.) *Woodard v. State*, 175 Ga. App. 449, 450 (3) (333 SE2d 645) (1985).

Contrary to Simonds' contention, the photographic lineup was not impermissibly suggestive. Detective Moseley testified that he showed Privett pictures of six different individuals, and that Privett selected Simonds' picture as the man who had approached him. Although Simonds contends that Moseley then told Privett that he had selected the right man, Moseley denied that he had made such a statement, testifying that he merely told Privett he had done a good job and that he was proud of him. Even if Moseley had made such a statement, it could not have influenced Privett's identification, since he had already selected Simonds' picture and did not make a subsequent in-court identification. Therefore, the court did not err in allowing testimony regarding Privett's pre-trial identification of Simonds.

3. Simonds contends the trial court erred in refusing to allow him to undergo a post-trial polygraph examination in connection with his motion for new trial. However, he has cited no authority for the proposition that a defendant is entitled to such an examination.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 13, 1998 —
RECONSIDERATION DISMISSED MARCH 27, 1998.

*Jerry W. Caldwell*, for appellant.
Charles S. Simonds, *pro se.*
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.