## A03A0250. TURNER v. THE STATE.
(575 SE2d 727)

ELDRIDGE, Judge.

A Henry County jury convicted Chiqueta Denise Turner of armed robbery (OCGA § 16-8-41)[1] and kidnapping (OCGA § 16-5-40).[2] She was sentenced to confinement for ten years on both counts. On appeal, Turner challenges the sufficiency of the evidence at trial, the impeachment of a defense witness upon the admission of three prior convictions for crimes involving moral turpitude,[3] the validity of her in-court identification, and the jury charge as to multiple defendants. Finding the evidence sufficient and no reversible error, we affirm.

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the presumption of innocence no longer lies in favor of the defendant. *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998). So viewed, the evidence shows that on May 26, 2001, at approximately 11:00 p.m., Turner and co-defendant James Dewayne Clark arrived at the locked entrance to the Ameri-Host Inn outside Stockbridge. On-duty desk clerk Nazeline Jean met the pair at the door. Jean let them in and led them to the front desk after Clark asked if there were any vacancies. On reaching the front desk, Clark pulled a knife on Jean, ordered her to hand over the money in the cash register, and threatened to harm her if she screamed, also indicating that he had a gun in addition to the knife. After Jean emptied the first of two cash drawers, Clark gave the knife to Turner and went into an office adjoining the front desk. Turner now holding the knife on her, Jean emptied the second cash drawer. Turner took the money. She and Clark then ordered Jean into the office. There Turner bound Jean's hands with a telephone cord and stuffed a towel into her mouth. Turner and Clark then picked up the safe in the office and left the hotel carrying it. *Held*:

1. Turner argues that the evidence is sufficient to support not more than a conviction of theft by taking against her, because she

---

[1] "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a).

[2] "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a).

[3] "A crime of moral turpitude has been defined as an act of baseness, vileness, or depravity in the private and social duties which a person owes to fellow persons, or to society in general, contrary to the accepted and customary rule of right and duty between persons." (Citations and punctuation omitted.) *Harwell v. State*, 270 Ga. 765, 768, n. 5 (512 SE2d 892) (1999).

participated in the events of May 26 upon Clark's representation that Jean had been among those who planned such events and was an active participant therein. Clark's testimony in this regard to the contrary notwithstanding, accomplice Marie Shumate testified that Jean had not participated in such events and admitted that she and Turner had discussed "involving" Jean as a means of defending the case against Turner. Corroborating Shumate's testimony, Jean denied ever having talked with anyone about taking money from the hotel. It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. *Trammell v. State*, 253 Ga. App. 725 (1) (560 SE2d 312) (2002). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. When viewed in a light most favorable to the jury's verdict, the evidence was sufficient to enable any rational trier of fact to have found Turner guilty of armed robbery and kidnapping beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LEd 560) (1979); see *Morton v. State*, 241 Ga. App. 330, 331 (526 SE2d 862) (1999) (armed robbery at gunpoint); see also *Sharp v. State*, 255 Ga. App. 485, 487 (1) (565 SE2d 841) (2002) (kidnapping as established upon slight asportation).

2. Turner contends that the superior court erred by permitting the State to impeach co-defendant Clark's witness, Kerry Dwight Albright Head, upon admitting certified copies of three prior felony convictions — this because these indicated that Head had been represented by her defense attorney as to two of the convictions and that Clark's defense attorney had represented Head on the third. It is well settled that "[o]nce a witness is impeached by tendering certified copies of a previous conviction for a crime involving moral turpitude, counsel may not go further by attempting to elicit details of the underlying offense and thus 'bolster' the impeachment evidence." *Hodges v. State*, 229 Ga. App. 475 (1) (494 SE2d 223) (1997). That the trial defense attorneys had formerly represented Head, as Turner correctly avers, reveals no impermissible detail as to the offenses underlying the convictions in issue. It follows that the complained-of impeachment evidence was not inadmissible on this account.

Even were the contrary true, Turner having failed to object to the admission of such convictions, any error relating to them is waived on appeal. *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994); see also *Kyler v. State*, 270 Ga. 81, 83-84 (7) (508 SE2d 152) (1998) (impermissible impeachment, i.e., prosecutor's reference to witness's "outstanding warrants," waived on appeal in the absence of timely objection at trial).

3. The superior court did not err in allowing Turner's in-court identification by Jean. Turner contends that such in-court identification was insufficient as predicated upon an impermissibly suggestive photographic lineup. In this regard, Turner points to evidence of

record showing that before the police showed Jean the photographic array in issue, she was told that one of the perpetrators was female. Turner also argues impermissible suggestion contending that after Jean identified her in the photographic lineup, police told Jean that she had been "correct," knowing that Jean had indicated a certainty level in the identification of "3" on scale of 1 to 10.

> Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. Moreover, even if a pretrial identification is tainted, an in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an independent origin. *Futch v. State*, 192 Ga. App. 345, 346 (385 SE2d 18) (1989).

(Citations and punctuation omitted.) *Quijano v. State*, 271 Ga. 181, 184 (3) (516 SE2d 81) (1999). Turner's claims to the contrary notwithstanding, the record shows that before Jean was shown the photo lineup, a newspaper reporter, rather than the police, told Jean that one of the perpetrators had been female. Neither does the record show that the police told Jean she correctly identified Turner as a perpetrator after the lineup. Instead, police told her that they had "arrested" Turner and Clark. Further, the photographic array consisted of males and females, and, while Jean indicated a degree of uncertainty in her decision identifying Turner as a perpetrator in the photographic lineup, she unhesitatingly testified that she identified Turner and Clark in court upon her own observations and that she recalled their faces from the robbery. Accordingly, even were the photographic lineup in which Jean identified Turner suggestive (and we conclude that it was not), Jean's in-court identification testimony was otherwise admissible. Id.; *Futch v. State*, supra.

4. Finally, Turner contends that the superior court erred in not sua sponte charging the jury as to multiple defendants for the failure to instruct the jury to weigh the guilt or innocence of each defendant separately, i.e., to charge the jury that the conviction of one defendant does not ipso facto require the conviction of the other. See *Nicholson v. State*, 265 Ga. 711, 713 (3) (462 SE2d 144) (1995), citing *Lanzo v. State*, 187 Ga. App. 616, 618 (4) (371 SE2d 119) (1988).

Finding that the superior court gave such an instruction as below, we disagree. Pertinently, the superior court charged the jury:

> Now ladies and gentlemen, as has been indicated to you, but out of an abundance of caution let me further tell you that,

as you know, we have two separate defendants on trial. We have two counts to this indictment. Whatever verdicts you reach in these cases do not have to be the same, with respect to the [d]efendants or the counts of the indictment. Your job is to make an individual determination as to the guilt or innocence of each [d]efendant and as to each count based upon what you find from the evidence that you've heard and the charge given you by the [c]ourt. So, I just emphasize to you neither as to the [d]efendants or the counts of the indictment do your verdicts have to be the same, again, you make that individual determination as to each of those.

Even analyzed in the context of the charge as a whole there was no error. See *Nicholson v. State*, supra, citing *George v. State*, 260 Ga. 809, 810 (5) (a) (400 SE2d 911) (1991); *Coggeshall v. State*, 161 Ga. 259, 268 (8) (131 SE 57) (1925) (instruction in its entirety relevant to determine whether mixed references to "defendant" and "defendants" harmful in the absence of unrequested multiple defendants charge). The superior court instructed the jury that its charge applied to each defendant equally whether the charge addressed the defendants in the singular or the plural; that it was for the jury to determine whether the evidence was sufficient to show beyond a reasonable doubt whether either or both of the defendants were guilty of the crimes charged; that mere presence at the scene of a crime will not authorize a jury to find such person guilty thereof as a party absent "evidence show[ing] beyond a reasonable doubt that such person committed the alleged crime, helped in the actual preparation of the crime, or participated in the criminal behavior." Moreover, the superior court charged the jury that it was being provided separate verdict forms to aid it in making its "choices" as to each defendant, and separate verdicts as to Turner and Clark were returned.

Under these circumstances, the superior court's multiple defendants charge was not error.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 13, 2002.

*David E. Slemons*, for appellant.

*Tommy K. Floyd, District Attorney, Alicia C. Gant, Assistant District Attorney*, for appellee.