## 66218. DAVIS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted on three counts of theft by taking. He contends on appeal that the trial court erred (1) by charging the jury that a mechanic's lien could not be asserted by appellant unless the work contracted for had been completed; (2) by allowing the state to place appellant's character in issue when he had not testified and placed his character in issue; (3) by allowing the state to introduce into evidence a photocopy of an agreement between appellant and a third person without showing why the original was not available; and (4) by allowing the state to present evidence of similar transactions by appellant.

Hamilton Glover, Verlene Brown and Eve Rozier each took their car to appellant, a mechanic, for repairs.

After repeated, unsuccessful attempts to get his car repaired, Glover received a call from the owner of Williams' Garage informing Glover that his car was at Williams' and appellant had sold the front seats and transmission to Burt Williams. Glover went to Williams' Garage and discovered that the front seats, engine, transmission, hubcaps and tire jack were missing from his car. Glover had paid appellant $800 for work appellant agreed to do originally for $600.

Verlene Brown paid appellant $850 for an engine overhaul on her car. When she went to pick up her car the engine was missing, so she had it towed to her home and later sold the car body for $200.

Eve Rozier left her car with appellant for an engine overhaul and paid him $600 of the $800 cost, with an agreement that she could pay the balance when the work was completed. When Rozier went to check on the progress of the repair work, she discovered that her car was missing, and it has never been found.

1. Appellant's defense in this case was that he was asserting a special lien on the cars pursuant to OCGA § 44-14-363 (Code Ann. § 67-2003). In this regard the trial court charged the jury that if the appellant failed to complete the repair work contracted for he would not be entitled to assert a special lien or retain the vehicle repaired. Appellant contends it was error to charge that the work must be completed before a mechanic can assert a lien on personal property. This contention is without merit.

Liens for work done or materials furnished with regard to motor vehicles are covered by OCGA § 40-3-54 (a) (Code Ann. § 68-423a) (not § 44-14-363 (Code Ann. § 67-2003), as contended by appellant), which provides, in pertinent part: "All mechanics of every sort shall have a special lien on any vehicle . . . for *work done,* or for *work done*

and materials furnished, or for materials furnished in repairing or servicing such vehicle . . . The lien may also be asserted by surrendering the vehicle, giving credit, and foreclosing the lien claim . . ." (Emphasis supplied.) Appellant contends that "work done" does not mean completed, and thus, the trial court's charge was erroneous.

It was not disputed that Glover and Brown paid appellant the price agreed upon for specified repairs to their car's engines, and those repairs were not made by appellant. In fact, when they were finally able to regain possession of their cars, the engine from each car was missing. It is also not disputed that Rozier paid appellant $600 when she left her car with appellant for an engine overhaul, with an agreement that she would pay the balance when the overhaul was completed and she picked up her car. Rozier's car is missing and has never been found. Thus, appellant had no right to assert a mechanic's lien because no lien may be asserted when the contract price has been paid in full. OCGA § 40-3-54 (a) (Code Ann. § 68-423a). Under such circumstances the charge was surplusage and even if erroneous, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. *Weaver v. State,* 67 Ga. App. 692 (2b) (21 SE2d 542) (1942). We do not find the charge prejudicial or harmful under the evidence presented, and this enumeration of error is without merit.

2. The state presented evidence that Jerry McClendon took his car to appellant for repairs; it was not repaired and on one occasion when McClendon checked on his car, appellant pulled a pistol on McClendon and ordered him off the premises. McClendon also testified on cross-examination that he had a warrant taken out for appellant's arrest. Appellant contends it was error to allow such testimony as it placed appellant's character in evidence before he had testified or presented any other evidence putting his character in issue.

Appellant did not object to McClendon's testimony about the pistol, and it is well settled that this court will not consider questions raised for the first time on appeal. *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979). As to testimony regarding the warrant, such testimony was elicited by appellant on cross-examination. Thus, he is in no position to complain, as induced error is impermissible. *Drake v. State,* 142 Ga. App. 14, 15-16 (1) (234 SE2d 825) (1977); *Reynolds v. State,* 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

3. Appellant contends it was error to allow into evidence a copy of an agreement between appellant and Andriette Johnson (a settlement agreement for uncompleted car repairs) without first

showing what had happened to the original. However, Johnson testified earlier, without objection, to the contents of the agreement, and proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Robinson v. State,* 229 Ga. 14, 16 (1) (189 SE2d 53) (1972).

4. Lastly, appellant contends it was error for the trial court to allow evidence of similar transactions involving appellant. Two witnesses testified that shortly before the dates of the offenses of which appellant was convicted, they took their cars to appellant for repairs. Appellant kept demanding more money, did not repair the cars, and ultimately the owners retrieved their cars with parts stolen or missing, and the cars were inoperable.

As a general rule evidence of other crimes is inadmissible at the trial of the crime charged, but such evidence is admissible if some logical connection can be shown between it and the crime charged from which it can be said that proof of one tends to establish the other, other than by merely showing the bad character of the accused. *Johnson v. State,* 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). Such evidence is admissible to show motive, plan, scheme, bent of mind and course of conduct. In the instant case the evidence of other crimes of a similar nature committed by appellant meets all of the requirements necessary to make it admissible as an exception to the general rule. The trial court properly limited consideration of such testimony to any value it might have in showing appellant's motive, plan, scheme, bent of mind or course of conduct. Accordingly, it was not error to admit such evidence.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Susan E. Teaster,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.