## 69109. WILCOX v. THE STATE.
### (329 SE2d 244)

SOGNIER, Judge.

Appellant was convicted of unlawfully entering an automobile. Stated briefly, appellant reached into a woman's car and took her purse while she was putting water into the car radiator. Appellant was observed by a policeman and arrested at the scene.

1. Appellant contends it was error to admit evidence of a prior conviction of Nelson E. McRae for forgery and theft by receiving stolen property, both offenses committed on October 30, 1980 by taking bonds from an automobile.

Before evidence of independent crimes is admissible, there must be evidence that the defendant was in fact the perpetrator of the independent crime, and there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Applying these standards to the instant case, it was error to admit evidence of the forgery and theft by receiving conviction of Nelson E. McRae. There was no evidence that Nelson E. McRae was the same person as the appellant here, and we find no sufficient similarity between a forgery and theft by receiving stolen property which would tend to prove that appellant committed the offense charged here. Even assuming, for the purpose of argument only, that McRae and appellant were the same person, proof of a conviction for theft by receiving stolen property would establish that appellant was *not* the person who stole the bonds. The essence of the crime of theft by receiving stolen property is that the defendant bought or obtained property, knowing it to be stolen, which had been stolen by some person *other than* the defendant. *Dyer v. State*, 150 Ga. App. 760, 761 (258 SE2d 620) (1979). Thus, it was error to admit evidence of this independent crime.

The trial court also allowed a police officer to testify, over objection, that on February 27, 1981 he investigated an incident at a gas station. Rosaline Dickerson told him that while paying for some gasoline for her car, her purse was stolen. The officer further testified that

two men told him they saw one Henry Jenkins take the purse; they caught Jenkins and held him until the officer arrived and arrested Jenkins. The man the officer arrested as Henry Jenkins was appellant.

The State offered this testimony to explain the conduct of the officer, and subsequently introduced into evidence, over objection, a record of the conviction of Henry Jenkins for the offense of unlawfully entering an automobile.

In the case before us it is clear that the testimony of the police officer was offered to prove that appellant unlawfully entered the car of Rosaline Dickerson. The testimony was hearsay and was not admissible under the provisions of OCGA § 24-3-2 to explain the officer's conduct. *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982); *Teague v. State*, 252 Ga. 534, 536-537 (1) (314 SE2d 910) (1984). Thus, it was error to admit the officer's testimony relating to this incident. Since the only foundation for admission of the certified copy of the conviction of Henry Jenkins was the officer's testimony, it was also error to admit that document (Pros. Ex. 4).

Notwithstanding our finding of error in admitting evidence of these two prior convictions, the admission of such evidence is not reversible error under the facts of this case. There was direct evidence of appellant's guilt, and in determining whether error was harmful, the "highly probable" test is applicable. *Little v. State*, 165 Ga. App. 389, 391-392 (3) (300 SE2d 540) (1983). We find it highly probable that the erroneous admission of evidence of independent crimes did not contribute to the verdict in this case. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515) (1977); *Little*, supra.

2. Appellant contends error by allowing the State to place his character in evidence on cross-examination by asking him about a prior conviction for aggravated assault and robbery. This enumeration of error is without merit.

Appellant testified on direct examination that he was not the type of person that can stay angry with a person forever. The prosecuting attorney was then allowed, over objection, to question appellant about an incident where appellant cut and robbed another man, and to ask if appellant had not pleaded guilty to those offenses.

We believe appellant's testimony that he did not stay angry at a person equates to testimony that he was a peaceable person. Having thus introduced evidence of his good character it was proper to allow the prosecuting attorney to cross-examine appellant as to a prior aggravated assault and robbery to show that appellant was not a peaceable person. *Mimbs v. State*, 189 Ga. 189, 192 (2) (5 SE2d 770) (1939).

3. Appellant contends error by improper impeachment of a defense witness when the State failed to introduce certified copies of two burglary convictions before asking the witness if he was a burglar.

While a witness may not be impeached by his own testimony that he has been convicted of a crime involving moral turpitude, *McCarty v. State*, 139 Ga. App. 101, 103 (1) (227 SE2d 898) (1976), the State did, in fact, introduce certified copies of two burglary convictions of the witness. Thus, appellant's contention is not supported by the transcript. This court cannot consider factual representations in a brief which are not supported by the record. *Gray v. State*, 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980).

4. Appellant contends it was error to deny his request to charge that his use of an alias in the past does not go to his guilt or innocence. Appellant cited no authority for such a charge at trial and has cited no authority for such a charge in his brief. Appellant argues that because the State can use a defendant's alias in an indictment a curative instruction is necessary so the jury does not infer guilt from the past use of an alias. This argument is without merit, as the trial court specifically charged the jury that the indictment was not evidence. Hence, there was nothing to be "cured" by the requested instruction.

5. Lastly, appellant contends it was error for the court to charge "that voluntary intoxication shall not be an excuse for any criminal act or omission," as there was no evidence of appellant's intoxication in the record. Although there is no evidence that appellant was intoxicated, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. *Davis v. State*, 167 Ga. App. 701, 702 (1) (307 SE2d 272) (1983). We do not find the charge harmful or prejudicial under the evidence presented, and this enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED MARCH 8, 1985 —
REHEARING DENIED MARCH 20, 1985 —

*Derek H. Jones*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Andrew Weathers, Margaret V. Lines, Assistant District Attorneys*, for appellee.