75902. THURSTON v. THE STATE.
(368 SE2d 822)

POPE, Judge.

Defendant appeals his conviction for burglary and theft of a motor vehicle. We affirm.

1. Defendant's accomplice pled guilty and testified against defendant at trial. None of the other witnesses could positively identify the defendant as one of the two individuals who burglarized a house under construction or as the individual who ran from the stolen vehicle when it wrecked after a high-speed chase from the scene of the burglary. Therefore, defendant argues there was insufficient evidence to convict him of the crimes.

The burglary victim testified the two burglars jumped in a stolen vehicle and drove away from the scene of the crime. He could not see the driver, but the passenger had on a red shirt. Defendant's accomplice was injured in the subsequent wreck of the stolen vehicle and was found inside the vehicle wearing a red shirt. Defendant admitted he was not wearing a red shirt on the evening in question. One of the investigating officers testified he saw the driver of the stolen vehicle climb over the passenger to exit the wrecked vehicle and run away. A pair of tennis shoes was found near the wreck. Defendant was picked up hours later walking down a nearby highway in his bare feet. After arrest, he complained of injuries which could be consistent with one involved in an automobile accident.

A defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. "However, the corroborating

evidence need not of itself be sufficient to warrant a conviction of the crime charged. [Cit.] Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. [Cit.]" *Reaves v. State,* 242 Ga. 542 (250 SE2d 376) (1978). The testimony of the accomplice and the evidence corroborating the accomplice's testimony in this case was sufficient to justify a rational trier of fact to find defendant guilty beyond a reasonable doubt, in accordance with the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant takes exception to the judge's charge to the jury "that voluntary intoxication is not an excuse for any criminal act or omission," because no evidence was presented to the jury concerning defendant's intoxication or consumption of alcohol. "Although there is no evidence that [defendant] was intoxicated, an erroneous charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not require or demand a reversal. *Davis v. State,* 167 Ga. App. 701, 702 (1) (307 SE2d 272) (1983). We do not find the charge harmful or prejudicial under the evidence presented, and this enumeration of error is without merit." *Wilcox v. State,* 174 Ga. App. 21, 23 (329 SE2d 244) (1985).

We reject defendant's argument that the erroneous charge was prejudicial as an expression of the judge's opinion concerning the accused, in violation of OCGA § 17-8-57. Defendant failed to preserve the issue for appeal by failing to make an objection or to move for mistrial at the time the instruction was given. See *Barber v. State,* 176 Ga. App. 103 (3) (335 SE2d 594) (1985); *McDaniel v. State,* 169 Ga. App. 254 (1) (312 SE2d 363) (1983). Moreover, we have examined the record and find the extraneous instruction was harmless.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 20, 1988.

*Kenneth D. Feldman,* for appellant.
*Thomas J. Charron,* District Attorney, *Nancy I. Jordan, Sonja K. Cooper,* Assistant District Attorneys, for appellee.