## 77678. GREEN v. THE STATE.
### (378 SE2d 178)

McMURRAY, Presiding Judge.

Defendant appeals from his conviction of burglary. *Held*:

1. Defendant first contends that the trial court's charge on involuntary intoxication was surplusage and that it tainted his defense of mental impairment due to voluntary intoxication. Defendant reasons that the surplus charge confused the trial court's instruction regarding the impact of intoxication on a person's ability to form the requisite mental intent to commit a crime.

A "charge touching a theory not in issue under the evidence, unless prejudicial and harmful as revealed by the entire record, does not

require or demand a reversal. *Weaver v. State*, 67 Ga. App. 692 (2b) (21 SE2d 542) (1942)." *Davis v. State*, 167 Ga. App. 701 (1), 702 (307 SE2d 272). In the case sub judice, we have examined the trial court's instruction on the impact of intoxication on a person's ability to form the requisite mental intent to commit a crime and find that it was not an erroneous charge. See *Blankenship v. State*, 247 Ga. 590, 591 (3) (277 SE2d 505). Further, while the charge on involuntary intoxication may have been surplusage, we cannot agree that the surplus instruction misled the jury.

2. Next, defendant contends that the trial court erred in giving repeated instructions that "alcoholism was no defense to a crime and that voluntary intoxication was no defense to a crime." We have examined the trial court's charge to the jury in its entirety and, taken as a whole, we find that the instructions were not prejudicial to defendant. *Bentley v. State*, 179 Ga. App. 287, 288 (2) (346 SE2d 98).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 31, 1989.

*Gwendolyn A. Atkinson*, for appellant.

*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.