## 72153. RIGGINS v. THE STATE.
(345 SE2d 897)

SOGNIER, Judge.

Riggins appeals from his conviction of two counts of incest, one count of aggravated sodomy, and three counts of child molestation.

1. Appellant contends the trial court erred by overruling his objection to the testimony of the victims, appellant's three children aged 11, 8 and 7, based upon the lack of competency of the children because of age. Appellant objected to the children's competency prior to their being called as witnesses. The court then examined each child thoroughly as to competency when they were called as witnesses, and allowed the children to testify. Appellant asked no questions of the witnesses as to their competency and made no further objection or argument concerning competency of the children to testify.

Where the trial judge examines a child as to the nature of an oath and determines that the child is competent to testify, his discretion, unless manifestly abused, will not be interfered with by this court. *Lewis v. State*, 166 Ga. App. 254 (304 SE2d 100) (1983). Our examination of the record discloses that each child believed in God; knew what it meant to tell the truth and tell a lie; knew that it was bad to tell a lie; and stated that they would tell the truth under oath. Under such circumstances we find no abuse of discretion.

2. Appellant objected to introduction into evidence of his entire statement to a police officer because certain statements by the officer contained in the taped statement were hearsay and highly prejudicial. In questioning appellant the officer informed appellant of certain things told to the officer by appellant's children, such as telling the officer that appellant had molested them sexually. The trial court found that there was no way to delete these statements and still make appellant's statement coherent in any respect. Therefore, before the tape was played the trial court instructed the jury that the statements by the police officer as to what the children told him were not proof that the children told the officer anything, nor were the statements proof that what the children said happened did, in fact, happen.

Although the officer's statements as to what appellant's children told the officer are hearsay, we believe that any error in failing to delete such statements from the tape was harmless under the circumstances of this case. First, we note that the officer, a friend of appellant for several years, was explaining to appellant why the officer was "taking out charges" against appellant. As part of that explanation, the officer informed appellant that his children had told the officer appellant molested them sexually. Second, each of the three children testified in detail about the acts committed upon them by appellant. Thus, the information contained in appellant's taped statement as to what his children told the officer was properly before the court

through the children's testimony at trial. Accordingly, even if it was error to admit the portion of the tape objected to, such error was harmless, as proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Davis v. State*, 167 Ga. App. 701, 703 (3) (307 SE2d 272) (1983).

3. Appellant contends error in allowing a witness to testify that appellant threatened the life of his wife. Appellant's wife testified first as a State witness and was later called as a witness for the defense. On cross-examination of Mrs. Riggins when she appeared as a defense witness, she stated that although she was afraid of appellant and was afraid of what he might do on his return from court after she testified for the State, Mrs. Riggins testified that she did not tell her sister that appellant had threatened her. In rebuttal the State called Mrs. Riggins' sister, Sarah Williams, who testified that the preceding day in the witness room Mrs. Riggins said: "I can't go down to the courtroom and tell what Frank's done, because he threatened to blow my brains out." Appellant's objection to this testimony as hearsay was overruled. He now argues on appeal that the statement was inadmissible because evidence of a crime not charged is inadmissible. Both bases of appellant's objection to this impeaching testimony have been decided adversely to appellant. *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) (1986).

4. Appellant contends it was error to deny his motion for a directed verdict of acquittal because the evidence is insufficient to support the verdict. We have examined the entire transcript and the testimony of appellant's children, together with medical testimony, is sufficient to support the verdict despite appellant's denial that he committed the offenses charged against him. The sole issue in this case was credibility of witnesses, and the weight of the evidence and credibility of witnesses are issues for determination by the jury. *Bryant v. State*, 174 Ga. App. 468 (1) (330 SE2d 406) (1985). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Hamby v. State*, 173 Ga. App. 750, 751-752 (3) (328 SE2d 224) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 22, 1986.

*Douglas D. Slade*, for appellant.
*Stephen F. Lanier, District Attorney, Fred Simpson, Assistant District Attorney*, for appellee.