74227. PITTMAN v. THE STATE.
(357 SE2d 855)

McMURRAY, Presiding Judge.

Defendant was tried before a jury for possession of cocaine and commercial gambling. The following evidence, construed most favorably to support the jury's verdict, was adduced at trial: A confidential informant informed Officer Martin Ursitti, of the Bibb County Sheriff's Office, that defendant was selling cocaine. On December 17, 1985, pursuant to a search warrant, Officer Ursitti and other law enforcement officers conducted a search of defendant's parent's house, where defendant then resided. Officer Ursitti discovered in defendant's bedroom, "on top of the dresser," a substance which was identified as cocaine. One hundred seven dollars in cash was found "in the dresser drawer" and a "fully loaded" .357 magnum revolver was discovered "laying on the floor at the head of the bed or right up under the edge of the bed." On "the headboard of the bed" there "was a two-ounce bottle of Mannitol," which was "about half full." ("Mannitol" is a substance which is commonly used as an "additive" to "cut" or dilute cocaine.) Next to the bottle containing "Mannitol," there were three lottery tickets and $2,000 in cash bound together with a "rubber band." From this and other evidence adduced at trial, defendant was found guilty of possession of cocaine and not guilty of commercial

gambling.

On August 4, 1986, defendant filed a motion for new trial based upon the general grounds and newly discovered evidence. After a hearing, in an order filed November 13, 1986, defendant's motion for new trial was denied. On December 11, 1986, defendant filed a motion entitled: "MOTION FOR JUDGMENT OF ACQUITTAL OR ALTERNATIVELY, A MOTION FOR RECONSIDERATION OF THE DENIAL OF DEFENDANT'S MOTION FOR NEW TRIAL AND AMENDMENT TO THE NEW TRIAL AND AMENDMENT TO THE NEW TRIAL MOTION." On December 12, 1986, defendant filed a notice of appeal to the Court of Appeals. The trial court did not rule on defendant's motion filed December 11, 1986. We now consider defendant's appeal. *Held*:

1. In his first three enumerations of error defendant asserts the general grounds. In his fourth and fifth enumerations of error defendant contends the trial court erred in denying his motion for directed verdict because evidence presented at trial showed that other persons had "equal access" to his bedroom and that defendant did not sleep in his bedroom the night before the search.

" ' "The totality of the evidence was sufficient to connect the defendant to the possession of the [cocaine] . . . even though the evidence would have authorized a finding that others had equal access to [the controlled substance found in defendant's bedroom]. (Cits.)" (Cit.)' *Pamplin v. State*, 164 Ga. App. 610, 611 (298 SE2d 622) (1982). The jury was authorized to find that [defendant] had at least joint possession of the cocaine. See generally *McLeod v. State*, 170 Ga. App. 415, 417 (3) (317 SE2d 253) (1984); *Anderson v. State*, 166 Ga. App. 459, 460 (3) (304 SE2d 550) (1983). A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary. See OCGA § 17-9-1." *Lane v. State*, 177 Ga. App. 553 (1), 554 (340 SE2d 228). In the case sub judice, we find the evidence sufficient to authorize the jury's finding that defendant was guilty beyond a reasonable doubt of the crime, possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ramsay v. State*, 175 Ga. App. 97, 99 (7), 100 (332 SE2d 390).

2. Next, defendant contends the trial court erred in failing to grant his motion for new trial based on newly discovered evidence. In support of his motion for new trial filed on August 4, 1986, defendant submitted the affidavit of his brother, Rocky B. Pittman, dated June 12, 1986, and filed September 30, 1986, who deposed in pertinent part, as follows: "I am the brother of [defendant]. On the evening of December 16, 1985 I spent the night in my brother's bedroom at 2492 Montpelier Avenue. The cocaine which was found in his room belonged to me and I had never shown it to my brother. The reason that I am giving this affidavit is that I did not believe that my brother

would be convicted for possession of cocaine which was found in the room because he was never in the room when the cocaine was there, but he was convicted and I simply could not let him take the blame for something that was my responsibility."

"The standard for granting a new trial on the basis of newly discovered evidence is well established. 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that *it was not owing to the want of due diligence that he did not acquire it sooner*; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' *Emmett v. State*, 232 Ga. 110, 117 (205 SE2d 231) (1974); *Bell v. State*, 227 Ga. 800, 805 (183 SE2d 357) (1971); *Burge v. State*, 133 Ga. 431, 432 (66 SE 243) (1909); *Berry v. State*, 10 Ga. 511, 527 (1851); see Code Ann. § 70-204 [now OCGA § 5-5-23]. All six requirements must be complied with to secure a new trial. *Offutt v. State*, 238 Ga. 454, 455 (233 SE2d 191) (1977); *Corn v. State*, 142 Ga. App. 798, 799 (237 SE2d 203) (1977)." (Emphasis supplied.) *Timberlake v. State*, 246 Ga. App. 488, 490 (1), 491 (271 SE2d 792).

In the case sub judice, defendant testified that he did not stay at his parent's house during the night before the search which revealed the cocaine in his bedroom. Defendant also testified that his brother had access to his bedroom the night before the search. However, upon cross-examination, defendant testified that he did not know if the cocaine belonged to his brother. Defendant also admitted that he did not question his brother before trial concerning the status of the cocaine which was found *unconcealed,* "on top of the dresser," in defendant's bedroom. Under these circumstances, we find the trial court properly denied defendant's motion for new trial based on the alleged newly discovered evidence because defendant failed to exercise "due diligence" in inquiring of his brother as to the status of the contraband found in defendant's bedroom. This conclusion is further supported by other evidence adduced at trial showing that defendant was aware prior to trial that his brother had been arrested in Florida for possession of cocaine. Consequently, the trial court did not err in denying defendant's motion for new trial filed on August 4, 1986.

3. Defendant contends the trial court erred in allowing inadmissible hearsay into evidence at trial. More specifically, defendant complains that Officer Martin Ursitti testified that a confidential informant "told him that the bedroom where the cocaine was found was the Defendant's bedroom."

Assuming Officer Ursitti's testimony was inadmissible hearsay,

we find admission of this testimony into evidence harmless because other admissible evidence presented at trial showed that the room where the cocaine was discovered was occupied primarily by defendant. In this regard, defendant testified that he used the room where the cocaine was discovered "consistently to sleep in." Further, evidence showed that the room in question contained clothing, business papers and other personal items belonging to defendant. "[P]roof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Davis v. State*, 167 Ga. App. 701, 703 (3) (307 SE2d 272) (1983)." *Riggins v. State*, 179 Ga. App. 179 (2), 180 (345 SE2d 897). This contention is without merit.

4. Defendant's remaining arguments relate to alleged error based on evidence submitted in support of his motion filed December 11, 1986, entitled: "MOTION FOR JUDGMENT OF ACQUITTAL OR ALTERNATIVELY, A MOTION FOR RECONSIDERATION OF THE DENIAL OF DEFENDANT'S MOTION FOR NEW TRIAL AND AMENDMENT TO THE NEW TRIAL AND AMENDMENT TO THE NEW TRIAL MOTION." This motion was filed after the trial court's ruling on defendant's motion for new trial, filed August 4, 1986, and can be characterized only as an extraordinary motion for new trial. OCGA § 5-5-41 (b). Consequently, since the trial court did not consider defendant's extraordinary motion for new trial, and the evidence filed pursuant thereto, "it must be directed to the trial court in the first instance [for consideration]. See OCGA §§ 5-5-40; 5-5-41; *Dick v. State*, 248 Ga. 898 (287 SE2d 11) (1982) . . . [A]ccordingly we will not consider the [issues raised by defendant stemming from his extraordinary motion for new trial] at this time." *Williams v. State*, 254 Ga. 6, 9 (2), 9-10 (326 SE2d 444).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

This case cries out for prompt final disposition. There is pending below an extraordinary motion for new trial based primarily on newly discovered evidence. Although appellant denominates it as a "Motion for Judgment of Acquittal or Alternatively, a Motion for Reconsideration of the Denial of Defendant's Motion for New Trial and Amendment to the New Trial and Amendment to the New Trial Motion," it can only be regarded as an extraordinary motion for new trial. OCGA § 5-5-41 (b) provides: "Whenever a motion for a new trial has been made within the 30-day period in any criminal case and overruled . . ., no motion for a new trial from the same verdict or judgment shall be made or received unless the same is an extraordinary motion or case; and only one such extraordinary motion shall be made or allowed."

The motion thus involves a consideration under OCGA § 5-5-23 of what defendant contends is newly discovered, that is, that the cocaine belonged to his brother, that his brother admits it, giving the details of how it happened to be in the bedroom used by defendant and how defendant did not know of its presence, and that his brother's girl friend corroborates all of this evidence. This is not necessarily "evidence [which] must have been, or should have been, known to the defendant before [his] trial." *Sapp v. State*, 68 Ga. App. 737, 738 (23 SE2d 871) (1943).

At trial the defendant testified that he did not know whose cocaine it was, that it was not his, that he had left the house before the party was over and stayed overnight at his father's store, that other people were at the party, that they could have gone in the bedroom, and that his father and brother as well as he used the bedroom. No evidence contradicted this, except for circumstantial, inferential evidence that it was his.

The motion was filed one day before the expiration of 30 days from the denial of the motion for new trial, OCGA § 5-6-38, and the next day a notice of appeal was filed. The piecemeal approach to this case has contributed substantially to the time required for finality to be achieved and, what may be more significant, for there to be a ruling on the extraordinary motion. Appellant could have obtained a prompt ruling, and a much earlier appellate review if it had been adverse to him, had he requested a 30-day extension for filing the notice of appeal. OCGA § 5-6-39 (a) (1), (c), and (d). Such an extension would have given the trial court an opportunity to rule on the extraordinary motion with all of its supporting documents.

Piecemeal litigation should be discouraged, not only from the standpoint of efficient court administration but also for the better service of the litigants. If the motion is granted by the trial court, defendant's new trial will have been delayed unnecessarily for nearly half a year and, if he is acquitted, he will have spent that time in prison unnecessarily. If, on the other hand, the motion is denied, we will undoubtedly have to review the case again on an appeal from the denial.

This is a close case, on its merits, with respect to the sufficiency of the evidence because of the circumstantial nature of all of it, the lack of exclusive control by defendant of the room in which the cocaine was found after his overnight absence, and the access to the room by others during that time and before. Defendant did not have actual possession of the cocaine or of the room at the time the cocaine was found there. Indeed, the evidence is without dispute in this regard and the jury so found. It was debatable whether he had constructive possession of the room during the period the cocaine was in the room, as he had been absent from the house overnight and up to

the time that the arresting officers brought him to it the next day.

"A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." *Thomas v. State*, 153 Ga. App. 686, 689 (266 SE2d 335) (1980). That is what the jury found beyond a reasonable doubt, that defendant knowingly had the power and intention, at some time when the cocaine was in the room, to exercise dominion or control over it.

I concur fully in Divisions 3 and 4 but only in the judgment with respect to Divisions 1 and 2.

DECIDED MAY 21, 1987.

*O. Hale Almand, Jr., Lori L. Chapman*, for appellant.

*Willis B. Sparks III, District Attorney, Jennie E. Rogers, Assistant District Attorney*, for appellee.