### 77921. PITTMAN v. THE STATE.
(379 SE2d 423)

POPE, Judge.

This is the second time this case has appeared before us on appeal. In *Pittman v. State*, 183 Ga. App. 12 (357 SE2d 855) (1987), we affirmed defendant's conviction of possession of cocaine, finding sufficient evidence in the record to sustain the conviction. Id. at (1). We also affirmed the trial court's denial of defendant's motion for new trial based on newly discovered evidence. Id. at (2). The motion was supported by an affidavit from defendant's brother, Rocky B. Pittman, that the cocaine found in defendant's bedroom belonged to him and not to defendant. Nevertheless, this court found the allegedly newly-discovered evidence did not satisfy the standards required for the granting of a new trial because the record showed defendant did not exercise "due diligence" in acquiring knowledge of the evidence. We declined to consider the court's alleged error in failing to rule on what we characterized as an extraordinary motion for new trial filed after the initial motion had been denied. After our earlier opinion was rendered, the trial court denied defendant's extraordinary motion for

new trial and defendant appeals.

Defendant's extraordinary motion for new trial based on allegedly newly-discovered evidence was supported by a second sworn statement from defendant's brother, a sworn statement from Tamara Little, who stated she was the brother's girlfriend, and the affidavit of defendant's attorney. While the statements of the brother and his girlfriend provide additional details concerning how the brother purchased the cocaine and the circumstances under which he used and stored the cocaine in defendant's bedroom, the material facts within these statements are identical to the earlier affidavit attached to the original motion for new trial, i.e., that the cocaine found in defendant's bedroom belonged to defendant's brother. The affidavit of defendant's attorney merely states that he was never told that the cocaine belonged to defendant's brother. It further states that the attorney suspected that the cocaine may have belonged to defendant's brother. The attorney states he spoke to the brother by telephone the night before the trial but the brother did not tell him the cocaine belonged to him.

No material evidence was presented by the extraordinary motion for new trial that was not already presented in the original motion. If anything, the additional evidence provides additional support for the conclusion that defendant failed to use due diligence to acquire the allegedly newly-discovered evidence since it shows defendant's attorney suspected the defendant's brother and spoke to him prior to trial but failed to show the attorney investigated his suspicions. We have already ruled that the original motion was properly denied. For the same reasons set forth in Division 2 of our earlier opinion, the trial court did not err in denying defendant's extraordinary motion for new trial.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 21, 1989.

*Sell & Melton, O. Hale Almand, Jr., Lori L. C. Obenauf,* for appellant.

*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Sharon T. Ratley, Assistant District Attorneys,* for appellee.