## A90A0633. HICKS v. THE STATE.
### (395 SE2d 249)

Pope, Judge.

Defendant Kenneth Hicks was convicted of multiple counts of child molestation, aggravated sodomy and aggravated child molestation and appeals.

1. Defendant first argues the evidence was insufficient to sustain the convictions. "[The appellate] court does not weigh the evidence on appeal or resolve conflicts in trial testimony. Rather it is the function of [the appellate] court to examine the evidence in the light most favorable to the verdict and to determine whether any rational trier of fact could have found the [defendant] guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). Doing so, we find the standard of *Jackson v. Virginia* has been met in this case." *Booker v. State*, 257 Ga. 37, 38 (354 SE2d 425) (1987). See also *Adams v. State*, 255 Ga. 356 (1) (338 SE2d 860) (1986).

2. Defendant next argues the trial court erred in denying his motions for mistrial brought in response to the testimony of two witnesses which, according to defendant, impermissibly introduced his character into evidence. The twelve-year-old victim testified she did not report the numerous incidences of sexual assault and fondling by defendant, her former stepfather, during the time she and her mother lived with him because he threatened her with bodily harm if she reported the matter. The record shows the prosecuting attorney asked the victim why she did not tell anyone of the abuse after defendant no longer lived with her. The victim answered, "Because I was scared of him. I've always been scared of him because I've seen him hit my mother and he's been — my grandfather has had him sent off for drug and alcohol abuse." The trial court denied defendant's motion for mistrial on the ground that the reference to his treatment for drug abuse impermissibly introduced his character into evidence. Instead, the trial court gave curative instructions to the jury directing them to disregard anything concerning what the victim's grandfather had done and instructing the jury "it would be highly improper" for them to consider that portion of the testimony in this case. Later in the trial the clinical psychologist who examined the victim testified that the victim "referred to [defendant's] alcohol use and drug use, saying that she really liked him better on pot, he was happier on pot." The comment was voluntarily injected into a long narrative response by the psychologist to a question posed by the prosecuting attorney concerning what he had learned from his investigation of the case. Again, the trial court denied defendant's motion for mistrial but gave extensive curative instructions directing the jury to disregard the comments concerning the use of alcohol and other substances by the de-

fendant. The trial court instructed the jury it would be improper for them to use that testimony in their deliberations or to draw any type of inference from it.

Where a witness voluntarily injects into the trial improper and prejudicial matters, whether a mistrial must be granted or whether the effect can be corrected by instructions to the jury is a matter within the discretion of the trial court. *Crawford v. State*, 256 Ga. 585 (2) (351 SE2d 199) (1987). "The trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact. . . ." Id. at 587. In this case we conclude the curative instructions were sufficient to prevent the testimony from having a prejudicial impact and, therefore, the trial court did not err in denying defendant's motions for mistrial. Moreover, in both instances defendant waived his right to argue on appeal that the curative instructions given by the trial court were insufficient by failing to renew his motion for mistrial after the instructions were given. See *Callahan v. State*, 179 Ga. App. 556 (5) (347 SE2d 269) (1986); *Delaney v. State*, 154 Ga. App. 772 (1) (270 SE2d 48) (1980).

*Judgment affirmed. Deen, P. J., concurs. Beasley, J., concurs in judgment only in Division 2.*

DECIDED JUNE 19, 1990.

*Carl A. Johnston*, for appellant.

*W. Fletcher Sams, District Attorney, Anne Cobb, Assistant District Attorney*, for appellee.