## A90A1556. BELL v. THE STATE.
(403 SE2d 864)

Sognier, Chief Judge.

Betty Bell was indicted for possession of cocaine and marijuana and convicted on the cocaine possession charge. She appeals from the denial of her motion for new trial.

1. Appellant first enumerates the general grounds. At trial, Mitchell County Deputy Sheriff Kevin Coalson testified that he was patrolling the parking lot of a Pelham nightclub on the night of March 12, 1989 when he noticed three people sitting in a parked car. Upon observing that the woman in the front passenger seat, whom he identified as appellant, "had a beer can up to her mouth, and a cigarette lighter was lit over the can, as if she was smoking something," he approached the car. He testified that when appellant saw him, she placed the lighter on the dashboard and hid the can from his view. After Coalson asked the group to get out of the car, he requested permission from Eugene Bell, appellant's cousin and the driver of the car, for permission to search the vehicle, whereupon appellant rejoined, "you may as well let him. He caught us red-handed. If we cooperate, maybe he will give us a break." Coalson found a piece of what proved to be crack cocaine on the dashboard, a marijuana and cocaine-laced cigarette under the driver's visor, and an empty beer can under the seat on the driver's side. He testified that the beer can, which was introduced into evidence, was bent in the middle, had several tiny puncture holes and ashes on the top, and that at the time he found the can smoke was coming out of the top. He also stated that such cans were often used as tools for smoking crack cocaine.

Appellant's argument concerning the equal access doctrine mischaracterizes that rule. The general rule is that a presumption arises from proof of ownership and control of an automobile or other property that the owner or driver is in possession of contraband found therein; however, this presumption does not apply when there is evidence that the driver or owner had not been in possession of the vehicle for some period of time prior to discovery of the contraband or that others had access to the vehicle. *Fears v. State*, 169 Ga. App. 172, 173 (312 SE2d 174) (1983). There is no reverse presumption with

regard to a passenger's presence in an automobile in which contraband is found. Moreover, the State established more than appellant's mere presence in a vehicle in which contraband was found, compare *Denham v. State*, 144 Ga. App. 373 (241 SE2d 295) (1977), as Coalson's testimony that he saw appellant holding the beer can and lighter constituted direct evidence that she was in actual or joint constructive possession of the contraband. See *Robinson v. State*, 175 Ga. App. 769, 771-772 (2) (334 SE2d 358) (1985); *McLeod v. State*, 170 Ga. App. 415, 417 (3) (317 SE2d 253) (1984). Accordingly, we find the evidence sufficient under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Wright v. State*, 189 Ga. App. 441, 444 (2) (375 SE2d 895) (1988).

2. Appellant next contends the trial court erred by allowing the State's expert witness to testify, over appellant's objection, concerning his general knowledge of the use of perforated drink cans in crack cocaine smoking. The record reveals that Dr. Zakir Ali, a forensic chemist from the state crime lab who testified concerning the chemical content of the contraband found by Coalson, stated that the lab often received perforated cans similar to the one seized in this case "because the officer suspects that the beer can is used as a smoking device, . . . and it is possible to chemically identify the [residue as] cocaine." Appellant objected to this testimony because Dr. Ali did not test the can at issue for cocaine residue, and thus his testimony regarding actions of other parties was irrelevant and inadmissible.

We do not agree with appellant that this was a situation in which evidence of criminal conduct unrelated to the defendant was offered to suggest that because such crimes were occurring in general, the defendant must be guilty of the same conduct. Compare *Watson v. State*, 137 Ga. App. 530, 533 (5) (224 SE2d 446) (1976), overruled in part on other grounds, *Quick v. State*, 139 Ga. App. 440, 441 (2) (228 SE2d 592) (1976). Nonetheless, neither do we agree with the State that Dr. Ali's testimony was admissible to explain why Coalson sent the can to the lab, because the reason for Coalson's action was irrelevant to the issue of appellant's guilt or innocence of the charged crime. We find no reversible error, however, because Coalson previously testified to the same facts, and "proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. [Cit.]" *Riggins v. State*, 179 Ga. App. 179, 180 (2) (345 SE2d 897) (1986). See also *Brooks v. State*, 193 Ga. App. 559, 560-561 (1) (388 SE2d 386) (1989) (admission of evidence over objection is harmless where same evidence previously has been admitted without objection).

3. We find no merit in appellant's contention that the State did not establish a proper chain of custody for exhibit 1, which consisted of the beer can, the rock of cocaine, and the marijuana cigarette. She

contends the State did not exclude the possibility of evidence tampering because Dr. Ali testified that he placed the evidence bag in a locker he shared with three other scientists. The record, however, reveals that Dr. Ali subsequently explained that when he first received the evidence from the Mitchell County Sheriff's Department, he placed it in his personal vault to which no one else had access, and that he moved it to the shared locker only after his testing was complete. Accordingly, we conclude the State showed with reasonable certainty that the contraband offered into evidence was the same as that seized by Coalson. See *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED MARCH 7, 1991.

*Michael L. Bankston*, for appellant.

*J. Brown Moseley, District Attorney, Donald E. Henderson, Assistant District Attorney*, for appellee.