### A91A0399. BANKS v. THE STATE.
(408 SE2d 484)

POPE, Judge.

Defendant was convicted of trafficking in cocaine and appeals.

1. Defendant was a passenger in the automobile in which the cocaine was discovered. Defendant argues the trial court erred in denying his motion for directed verdict because the presumption that contraband found in an automobile is in the possession of the owner of the vehicle was not rebutted. Defendant's co-defendant, the owner of the automobile, was found guilty. The presumption that contraband is in the possession of the owner or driver of an automobile in no way bars defendant from also being found guilty of possession because "[i]f two or more persons [share] actual or constructive possession of a thing, possession is joint." *Thomas v. State*, 153 Ga. App. 686, 689 (266 SE2d 335) (1980).

2. Defendant also argues the evidence, viewed in the light most favorable to the verdict, was insufficient to support his conviction. The evidence showed that defendant was the front-seat passenger in a vehicle that was stopped at a Georgia Welcome Center northbound on Interstate Highway 75 just inside Georgia. Officers arrived to investigate a complaint that three men who matched the description of defendant and his two co-defendants were rowdy and causing a disturbance. When the investigating officers questioned the three about who was the driver of their car, all three, including defendant, responded by telling the officer that someone named "Uncle Bill" was the driver. No one answering to that name was located at the Welcome Center and, at trial, all three admitted they had fabricated the story about the driver. Officers were suspicious, called a sniff dog and, on the ba-

sis of the dog's behavior, obtained a search warrant. Although one of the officers at the scene of the search testified he believed the cocaine was found under the driver's seat, the officer who actually discovered the brown paper bag which contained the cocaine testified it was found in the floor of the car on the front passenger's side.

Defendant joined the driver in Columbus to make a quick round-trip to Starke and Putnam Hall, Florida, presumably to visit the owner's Florida relatives. The driver, defendant and another passenger shared expenses on the way back to Georgia in that defendant bought all three a take-out dinner while the other two were across the street buying brandy for the three to drink. Given the quick trip to a known drug supply area and defendant's participation in the false report about who was driving the car the evidence was sufficient to convince a rational trier of fact that defendant was a party to the enterprise of trafficking in cocaine. See OCGA § 16-2-20. See *Arena v. State*, 194 Ga. App. 883 (392 SE2d 264) (1990) (in which this court affirmed the conviction of the passenger in an automobile, travelling north on I-95 in South Georgia in which contraband was found, who gave a story inconsistent with that of the driver concerning the pair's destination).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JULY 9, 1991.

*L. Howard Freeman, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, Robert T. Gilchrist, Assistant District Attorney*, for appellee.