## A91A1287. COOLEY v. THE STATE.

(410 SE2d 453)

McMurray, Presiding Judge.

Defendant Cooley appeals his conviction of the offenses of rape, kidnapping with bodily injury, and robbery. *Held*:

1. Defendant's first enumeration of error raises the sufficiency of the evidence to authorize defendant's conviction on each charge. The evidence viewed in the light most favorable to upholding the verdict shows that the victim was staying temporarily with a friend, Acker. When the victim returned to Acker's apartment around 11:30 p.m., she found defendant present. After a conversation with the victim and defendant, Acker indicated that he was ready to go to sleep. The victim and defendant left the apartment at that time and went to the nearby apartment of defendant's mother. Defendant became embroiled in an argument with family members and the victim returned to Acker's apartment. Shortly thereafter, defendant returned to Acker's apartment and accused the victim of having taken some money from him. An argument began between the two and as it escalated Acker asked them to go outside. The victim and defendant continued to argue as they walked back to the vicinity of the apartment of defendant's mother. Defendant insisted that the victim proceed further and she refused at which point defendant knocked the victim unconscious causing her to suffer a broken tooth and various cuts and scratches about the face. The victim regained consciousness in a vacant apartment near defendant's mother's apartment; she had been disrobed. Defendant was lying on the victim as she regained consciousness and he proceeded by forcibly overcoming her resistance to have carnal knowledge of her. Afterwards, as the victim was fleeing the scene, defendant chased her down on the street and forcibly took her handbag from her.

Although defendant testified as to another account of the incident including that the sexual intercourse was consensual, the determination of credibility and resolution of conflicts in the evidence are for the jury. This Court does not reweigh the evidence but only determines its legal sufficiency. *Holcomb v. State*, 198 Ga. App. 547 (1) (402 SE2d 520). The evidence is sufficient to authorize any rational trier of fact to find defendant guilty beyond a reasonable doubt of the

offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hunnicutt v. State*, 198 Ga. App. 572, 575 (402 SE2d 534).

2. Defendant contends the trial court erred by admitting evidence of a similar transaction, a previous rape which like the crime at issue occurred late at night after defendant had been drinking and using marijuana. "In criminal cases, the rule admitting evidence of *similar* crimes is an exception to the general rule against prejudicially putting a defendant's character in issue. *Millwood v. State*, 164 Ga. App. 699 (296 SE2d 239). But where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, outweighs its prejudicial impact, it is properly admitted. *Hayes v. State*, 175 Ga. App. 135, 137 (332 SE2d 917); *McCarty v. State*, 165 Ga. App. 241, 243 (299 SE2d 95). However, before it is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged. *Davis v. State*, 249 Ga. 309, 311 (290 SE2d 273)." *Anderson v. State*, 184 Ga. App. 293, 294 (361 SE2d 270). Both of the conditions prerequisite to the admission of the evidence at issue were satisfied. Based on these similarities there was no error in the trial court's admission of this evidence. *Colquitt v. State*, 196 Ga. App. 817, 818 (2) (397 SE2d 164).

3. The trial court did not err in curtailing the cross-examination of a witness who was the victim in the similar transaction crime. The witness had already testified that she was not using any drugs on the night of the similar transaction crime, that no one present at that incident was smoking crack cocaine and that she was familiar enough with cocaine to recognize when others used it. It was within the trial court's discretion in controlling cross-examination to sustain the State's objection to an inquiry as to whether she had ever used cocaine since such evidence was neither relevant nor material. *Williamson v. State*, 186 Ga. App. 589, 590 (2) (367 SE2d 863).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 10, 1991.

*W. Edward Nethery, John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Nelly F. Withers, Assistant District Attorneys*, for appellee.