A92A0459. MONTGOMERY v. THE STATE.
(420 SE2d 67)

BIRDSONG, Presiding Judge.

Zellner Montgomery, Jr., was convicted for trafficking in cocaine. He was sentenced to serve ten years and fined $200,000.

At about 11:30 p.m. on April 17, 1991, police received a report of a robbery in DeKalb County. Officer Goodrum went to Applewood Apartments, which he knew were a mile or mile-and-a-half from the robbery site and had a link to the robbery site. The description of the robbery vehicle was a four-door red Toyota with three black males in

it. Goodrum saw a four-door red Toyota with two occupants. About 100-150 feet from the exit of the apartments, the vehicle stopped and a passenger got out and walked quickly toward the back of an apartment building. The driver (appellant) started to drive away, but turned into a parking space when Goodrum turned on his police lights. Appellant emerged, leaving the engine running and lights on, and walked away from the police car. Goodrum jumped out and yelled for appellant to stop, but appellant did not stop until after Goodrum yelled a second time. Goodrum smelled alcohol on appellant's person and breath. When Goodrum asked appellant where he lived, appellant first said he lived in Countryside Apartments but could not remember his address or apartment number. He also told Goodrum he lived at Applewood Apartments but could not remember the apartment number. Appellant was "very, very nervous and jittery and kept looking around" and was evasive, and appeared "aggressive." Detective Holmes arrived as a back-up. Goodrum frisked appellant for weapons; he felt a roll of money in appellant's pocket but did not remove the money. Goodrum placed him in the patrol car, closed the car door, and went to search the Toyota. In the right front floorboard was a Hardee's bag which held plastic bags containing a powdery substance and a rock-like substance. Goodrum returned to the police car and advised appellant he was under arrest for possession of cocaine; he read appellant his *Miranda* rights and searched him, but the roll of money he had felt earlier was gone; it was later found in the area of appellant's buttocks, and amounted to $109.

Officer Goodrum stated he originally placed appellant in the police car as a robbery suspect. Larry White, Jr., who reported the robbery, was brought to the scene but appellant was not charged with robbery. The State's expert testified the powdery substance weighed 183 grams and tested positive for cocaine, as did the hard rock-like substance.

In a statement appellant said he had given an unknown person a ride; the person had a Hardee's bag and jumped out of the car after the police stopped them. Appellant testified he came to Atlanta from Butler, Georgia, and was staying at a motel and at Applewood Apartments; when he was arrested he was headed to the motel to meet his girl friend; as he was leaving Applewood Apartments he picked up another man; when the police drove up the man ran; appellant got out to see what the officer wanted; when the officer asked where he was staying, he was confused and could not remember. *Held:*

1. Appellant contends the trial court erred in failing to direct a verdict of acquittal on grounds of equal access. Merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the of-

fense. *Nelson v. State,* 199 Ga. App. 487 (405 SE2d 310); *Fears v. State,* 169 Ga. App. 172 (312 SE2d 174). This is because evidence of equal access prevents a presumption of possession from arising based on ownership or control of premises (*Bell v. State,* 198 Ga. App. 874 (403 SE2d 864)), for such a presumption arises only "[i]n the absence of any circumstances to the contrary." *Elrod v. State,* 128 Ga. App. 250, 251 (196 SE2d 360). So, evidence of equal access is not an absolute defense to a charge of possession and does not entitle a defendant to a verdict of acquittal. A defendant is entitled to acquittal "only where the sole evidence of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle" (*Wright v. State,* 194 Ga. App. 739, 741 (391 SE2d 791)); that is, if there is affirmative evidence of equal access, there is no presumption of possession, so without other evidence of possession, an acquittal is demanded. See *Fears,* supra at 173-174. Here, appellant's control or possession of the vehicle is not the only evidence of possession of the contraband. Accordingly, he was not entitled to a verdict of acquittal.

2. The trial court did not err in denying appellant's motion to suppress the evidence, which motion was made after the State rested its case, and was made on grounds that because the robbery report was false there was no probable cause to stop appellant. The motion to suppress was untimely. *Moss v. State,* 196 Ga. App. 81, 83 (395 SE2d 363); see *Holton v. State,* 243 Ga. 312 (253 SE2d 736). The motion to suppress was without merit in any case, because the report of robbery and the discovery of the described vehicle within a two-minute drive presented specific and articulable facts to stop appellant's vehicle on founded suspicion of robbery (*Radowick v. State,* 145 Ga. App. 231, 232-233 (244 SE2d 346)), and the totality of circumstances including the conduct of appellant and his passenger and the roll of money Goodrum felt in appellant's pocket, gave probable cause to detain appellant on suspicion of robbery. When appellant was placed in the police car with the door closed, he was under lawful custodial arrest notwithstanding the officer's failure to tell him he was under arrest, for he was not at liberty. "An arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be." *Clements v. State,* 226 Ga. 66, 67 (172 SE2d 600); *Radowick,* supra at 238. As the detention of appellant in the closed police vehicle was a lawful custodial arrest (see *Fowler v. State,* 201 Ga. App. 417, 418-419 (411 SE2d 335); *Goldsby v. State,* 186 Ga. App. 180, 182-183 (367 SE2d 84)), the search of the vehicle incident thereto was lawful. *Bobbitt v. State,* 195 Ga. App. 566, 567 (394 SE2d 385); *State v. Tinsley,* 194 Ga. App. 350, 351 (390 SE2d 289).

3. The trial court did not err in allowing the State to impeach appellant with a computer printout of previous arrests. Appellant tes-

tified on direct examination that he had never been arrested before. Certified copies of convictions are required to impeach a witness by proof of crimes of moral turpitude (*Clarke v. State,* 239 Ga. 42, 44 (235 SE2d 524)), but in this instance the State did not attempt to impeach appellant by proof of prior convictions. As to the simple question whether appellant had been arrested, after appellant admitted under oath outside the presence of the jury that he had been arrested, the trial court correctly reasoned that appellant was competent to testify on the point; the State was allowed to question him in the presence of the jury. There is no suggestion that the printout contained false information, that arrest warrants were available, or that the printout was not in fact the best evidence of whether appellant had been arrested. Compare *Timberlake v. State,* 246 Ga. 488, 499 (271 SE2d 792); *Moret v. State,* 246 Ga. 5, 6 (268 SE2d 635). There is no reason the State should not have been allowed to contradict and disprove that statement. We find no merit in this enumeration.

4. The trial court did not err in disallowing appellant's testimony as to results of a test for use of illegal drugs. Whether appellant tested negative for drug use at any time is not relevant to, and did not tend to prove or disprove, whether he trafficked in or possessed cocaine as charged in the indictment. OCGA § 24-2-1; *Guest v. State,* 155 Ga. App. 374 (270 SE2d 904).

5. Appellant contends the trial court erred in allowing hearsay of what a non-testifying witness said to a police officer. In response to questions about Larry White, Detective Holmes said, "[White] stated to me earlier he had been with [appellant] and —" Defense counsel objected. The trial court ruled: "I will tell the jury to disregard any comments that were made. . . . This certainly hasn't been any secret. . . . You both [said] in your opening statements that Mr. White was charged along with Mr. Montgomery." The trial judge instructed the jury to "disregard any statement as to what this witness said Mr. White said." Following these curative instructions, appellant made no further complaint and did not move for mistrial. He is therefore precluded from raising this issue on appeal. *Callahan v. State,* 179 Ga. App. 556, 564 (347 SE2d 269); see *Hicks v. State,* 196 Ga. App. 25, 26 (395 SE2d 349).

6. Appellant complains the trial court did not give the requested charge that possession of cocaine and possession of cocaine with intent to distribute were lesser included offenses of trafficking in cocaine "and you may find defendant guilty of the lesser offenses without making a finding as to his being guilty or not guilty of the greater offense." We find no error. The jury was instructed that if they did not find appellant guilty of trafficking in cocaine, they could "consider the question of possession of cocaine with intent to distribute, or of the lesser included offense of possession of cocaine." "It is well

settled that the trial court is not obligated to instruct the jury in the exact language requested and that, where the same principle of law is covered in another instruction, failure to give the requested charge is not error." *Coleman v. State,* 189 Ga. App. 366, 367 (375 SE2d 663). *Smith v. State,* 189 Ga. App. 244, 246 (375 SE2d 496).

7. We have reviewed the evidence and find it sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED JUNE 10, 1992.

*William T. Hankins III,* for appellant.

*Robert E. Wilson, District Attorney, Thomas S. Clegg, J. George Guise, Assistant District Attorneys,* for appellee.