A92A1241. LITTLE v. THE STATE.
(423 SE2d 42)

SOGNIER, Chief Judge.

Maurice Little was convicted by a jury of possession of cocaine with intent to distribute, and he appeals, enumerating the general grounds.

At trial, State Trooper Dahl McDermitt testified that while on routine patrol in Hawkinsville he stopped a Ford Escort bearing a dealer tag, intending to question the three occupants to "see if they had just purchased the car and just failed to buy a tag." He testified that both before and after he had asked the driver, later identified as appellant, to step out and produce a driver's license and proof of insurance, he noticed "a lot of movement" inside the car. While paying

close attention to that movement for his own safety, he observed the passenger in the rear seat, later identified as Leonard Johnson, attempting to conceal near his feet a white plastic pill bottle similar to those ordinarily containing Tylenol. McDermitt testified that when he asked Johnson what he was holding, Johnson threw the bottle out the right passenger window. McDermitt testified that he heard the rattling inside the bottle and that at that point, based on his experience, he was "99.9 percent sure" that the plastic bottle contained crack cocaine. He secured appellant in his patrol car, called for help, and asked Johnson and the front seat passenger, Gene Moreland, to exit the car.

Officer Freddie Yates of the Hawkinsville Police Department testified that when he arrived at the scene McDermitt had appellant in custody in the patrol car, and Moreland and Johnson were lying face down on the ground next to the sidewalk. He testified that McDermitt told him something had been thrown out of the car and instructed him to search for it. He testified he found a white plastic bottle with an orange top on the sidewalk near the passenger side of the car, and in the roadway next to the open driver's door he found a clear plastic bag containing several pieces of a hard, white substance. He gave both items to McDermitt. Proper chain of custody was shown for the bottle and the plastic bag, and a forensic chemist from the state crime laboratory testified that the bottle and the bag both contained crack cocaine.

Johnson testified that the pill bottle containing 24 rocks of cocaine belonged to him. He testified he threw the bottle out the window because he was on probation and did not want to get caught with the cocaine. At the time of appellant's trial, Johnson had pled guilty and had been sentenced on the charge arising out of that possession. Johnson testified that he knew the 13 rocks of cocaine in the plastic bag found in the roadway belonged to appellant, because when McDermitt first stopped their car, appellant had admitted to his passengers that he had drugs hidden in the car in a box between the front seats, and had cautioned Moreland not to "mess with it" or worry about it, believing that the stop would prove to be a routine check for license and insurance.

Moreland confirmed that when they were stopped appellant told him he had a plastic bag of cocaine rocks hidden in the car in a blue and white AC Delco sparkplug box. Because Moreland had just been paroled from prison and did not want to be found in a car containing drugs, when he saw Johnson throw out his own pill bottle he "panicked" and tossed appellant's plastic bag out the driver's side window. Moreland's case on charges stemming from the incident was still pending at the time of appellant's trial.

Appellant testified in his own defense, denying that any of the

cocaine was his and testifying that he never drank or possessed or used drugs. He testified that when he and Johnson were in the same jail cell after being arrested, Johnson asked him to take the blame for possessing all the drugs because he was likely to receive a lighter sentence than either Johnson or Moreland, who were on probation and parole, respectively. Appellant testified that he first agreed but then thought better of it and refused.

Appellant's contention that the evidence was insufficient to support the conviction given that both Johnson and Moreland had equal access to the contraband is without merit. The general rule is that the presumption arises from ownership or control of an automobile that the owner or driver is in possession of contraband found in the car, but this presumption does not apply when there is evidence that others had access to the vehicle. *Fears v. State*, 169 Ga. App. 172, 173 (312 SE2d 174) (1983). However, neither the presumption nor the exception has application in cases where, as here, the State establishes more than appellant's mere presence in a vehicle in which contraband was found. *Bell v. State*, 198 Ga. App. 874, 875 (1) (403 SE2d 864) (1991). The testimony of Johnson and Moreland that appellant admitted to them that the contraband was his constituted direct evidence of his possession of the cocaine. Id. Although appellant's testimony contradicted that of Johnson and Moreland in this regard, the credibility of the witnesses was for the jury. *Cooley v. State*, 201 Ga. App. 171 (1) (410 SE2d 453) (1991). This court determines only the legal sufficiency of the evidence, id., and given the amount of crack cocaine involved, see generally *Davis v. State*, 200 Ga. App. 44, 45, 46 (2, 3) (406 SE2d 555) (1991), we hold that the evidence adduced at trial was sufficient to have authorized the jury to find appellant guilty beyond a reasonable doubt of possession of cocaine with intent to distribute under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Shropshire v. State*, 201 Ga. App. 421 (411 SE2d 339) (1991).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 25, 1992.

*W. Dennis Mullis,* for appellant.

*James L. Wiggins, District Attorney, H. Frederick Mullis, Jr., Assistant District Attorney,* for appellee.