## A92A2171. OWENS v. THE STATE.
(423 SE2d 731)

McMurray, Presiding Judge.

Defendant Owens appeals his conviction of the offense of possession of cocaine with intent to distribute. *Held:*

1. Defendant contends the trial court erred in overruling his motion for directed verdict of acquittal at the close of the State's case in chief. Contrary to defendant's assertion, in ruling on his motion for directed verdict of acquittal we are not limited to consideration of only the evidence presented during the State's case in chief but must consider all of the evidence presented in the case in determining whether the trial court erred in overruling the motion. *Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743).

The evidence stated in the light most favorable to upholding the jury's verdict shows that Officer Rich, while responding to a suspicious vehicle and person call, discovered a vehicle parked behind a business location at approximately 8:30 or 9:00 p.m. Officer Rich approached the vehicle and found a female driver and a male passenger, defendant Owens. The occupants of the vehicle were asked to identify themselves and Officer Rich ran several computer checks on the vehicle and the occupants. The license tag on the vehicle was discovered to have been issued for a different vehicle. Due to the improper tag display and the fact that neither of the occupants of the vehicle had a driver's license, Officer Rich decided to impound the vehicle. By this time, additional officers had arrived on the scene. The newly-arrived officers began the inventory of the vehicle prior to towing it away and one of these officers found a brown paper bag lying on the ground under the frame on the driver's side of the vehicle. Inside the paper bag were two large pieces of yellowish-white compressed material wrapped in plastic which was later determined to be 10.33 grams of crack cocaine, enough for approximately 100 doses of the drug. It had been raining earlier and the ground and everything in the area were wet while the brown paper bag was dry. Officer Rich also testified that the bag had not been on the ground under the car when he initially approached the vehicle. Defendant and the female driver disavowed any knowledge of the cocaine.

"The presumption that contraband is in the possession of the owner or driver of an automobile in no way bars defendant from also being found guilty of possession because '(i)f two or more persons (share) actual or constructive possession of a thing, possession is joint.' *Thomas v. State*, 153 Ga. App. 686, 689 (266 SE2d 335) (1980)." *Banks v. State*, 200 Ga. App. 378 (1) (408 SE2d 484). The female driver testified that she drove defendant to a bootlegger's house, left him there, and later picked him up. She testified that when defendant came out of the bootlegger's house he had a beer and

a brown paper sack similar to the one later found under the car, and that defendant put the bag in his pocket. Defendant testified that he never had a brown paper sack, that it was a brown napkin in his hand and that he had thrown it away. There was sufficient circumstantial evidence to establish that defendant had at least joint constructive possession of the cocaine and the evidence as to the quantity of cocaine gives rise to an inference of intent to distribute it. *Shropshire v. State*, 201 Ga. App. 421, 422 (411 SE2d 339); *Banks v. State*, 200 Ga. App. 378, supra. A rational trier of fact was authorized, by the evidence presented at trial, to find defendant guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Defendant also complains that the State's redirect examination of witness Clark exceeded the scope of the cross-examination of the witness and was an abuse of the trial court's discretion. " ' "Redirect examination and recross are strictly speaking, not for the purpose of introducing new matter, but the judge in his discretion may permit the questioner to inquire about something which he should have asked about during an earlier step but which was overlooked." Green, Ga. Law of Evidence 317, Witnesses, § 126; (cits.).' *Goodrum v. State*, 158 Ga. App. 602 (2) (281 SE2d 254) (1981). 'The trial judge, in his discretion, found the evidence brought in on re-direct examination to be relevant and admissible. Absent a showing of gross abuse of discretion, we find no error. (Cits.)' *Maher v. State*, 239 Ga. 305, 306 (2) (236 SE2d 647) (1977)." *Mincey v. State*, 251 Ga. 255, 267 (15) (304 SE2d 882). See also *Appleby v. State*, 256 Ga. 304, 306 (4) (348 SE2d 630).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED OCTOBER 15, 1992.

*J. Robert Daniel*, for appellant.

*Willis B. Sparks III, District Attorney, Pamela Y. White-Colbert, Assistant District Attorney*, for appellee.