A94A0066. HARVEY v. THE STATE.
(442 SE2d 478)

ANDREWS, Judge.

Patricia Harvey was charged with possession of marijuana with intent to distribute and convicted of the lesser offense of simple possession. She was also charged and convicted of possession of alcohol under the age of 21, and permitting unlawful operation of vehicle by allowing an intoxicated driver to drive. She appeals only her conviction for simple possession.

Evidence at trial was that on November 8, 1992, Harvey was riding in her car with two men, Marvin Lee Johnson, who was driving, and Ronnie Lee Johnson. Georgia State Patrol Trooper Mickey Little

pulled the vehicle over for speeding. In doing so, he clocked the vehicle traveling at 111 mph. When the automobile was stopped, Trooper Little observed that all three subjects had been drinking. He decided to charge Harvey with underage consumption and with permitting Marvin Johnson to drive while intoxicated. Since he was also going to charge the two co-defendants with offenses, he called for a transport from the Catoosa County Sheriff's Department to transport the three subjects to jail. Little performed a "pat down" search on all three suspects; he testified that he did not perform a thorough search on them. He stated that his "pat down" search of Harvey was only of her legs.

Harvey was arrested and placed in the patrol car along with the two co-defendants and taken to the Catoosa County detention facility. Only Ronnie Lee Johnson was handcuffed. After taking the three inside, Officer Sisk returned to his vehicle and discovered a bag of marijuana containing four separate smaller bags under the back seat of the car in which he transported Harvey and the other two co-defendants. The net weight of the drug was 9.8 grams.

Officer Sisk testified that on November 7, 1992, he complied with departmental policy by thoroughly checking the inside of his police vehicle at the beginning of his shift. Again in accordance with departmental policy, he searched the back of his patrol car after transporting Harvey and the two co-defendants to the station. He found the bag wedged in between the cushions in the front seat of the car a little bit towards the passenger side of the center of the vehicle. He testified that no one else had been in his patrol car between the time he came on duty and the time he transported the three to the station.

Officer Little testified that from his viewing of Harvey's vehicle he observed what appeared to be two ends of marijuana cigarettes in the front ashtray. At the time the vehicle was stopped, Harvey was sitting in the front passenger seat. Little testified that Harvey and Marvin Johnson's behavior would be consistent with having smoked marijuana.

When Harvey was questioned about the marijuana at the station, she initially stated that she did not know whose marijuana it was. She later stated that she knew who it belonged to, but was not going to tell. She laughed after making this statement. Marvin Johnson, who was standing in the holding cell stated "you can't charge us, you can't charge us, it's less than an ounce, you can't charge us." He later stated that he did not know anything about the marijuana.

No one of the three would admit to possession of the drug and all three were subsequently charged and convicted of simple possession of the marijuana.

1. Harvey first argues that the trial court erred in denying her motion for mistrial since her character was improperly introduced

into evidence. Contrary to Harvey's assertion, her trial counsel did not make a motion for mistrial and the alleged error is waived. *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986); *Garner v. State*, 180 Ga. App. 146, 147 (1) (348 SE2d 690) (1986). Moreover, we find no substantive merit to Harvey's assertion here.

2. In her two other enumerations of error, Harvey contends that the trial court erred in denying her motions for new trial and for directed verdict. Citing *Byers v. State*, 204 Ga. App. 552, 556 (4) (420 SE2d 23) (1992) and *Murrell v. State*, 200 Ga. App. 231 (1) (407 SE2d 460) (1991), she argues that the circumstantial evidence presented against her was insufficient and that mere presence at the scene of the crime does not alone authorize conviction. Harvey claims that the State's argument that she was at least a party to a crime under OCGA § 16-2-20 also fails since there was no showing of intentional aiding or abetting.

The standard for reviewing the denial of a motion for new trial or of a motion for directed verdict is that of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). In the instant case, the evidence was sufficient for a rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. We recognize that "[e]ven a finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citations and punctuation omitted.) *Byers*, supra at 556.

Nonetheless, in the instant case there was more evidence to connect Harvey to the marijuana than that of mere spatial proximity or presence. Here, the marijuana was hidden during the transport in the patrol vehicle to the station by one of the three co-defendants. Harvey admitted that she knew the owner of the marijuana, although she refused to identify such person. There was evidence that marijuana had been used in her vehicle and that she had recently used marijuana. Under these circumstances, we find the evidence against Harvey was sufficient to find her guilty of joint constructive possession, or at least as a party to the crime. See *Robinson v. State*, 175 Ga. App. 769, 772 (3) (334 SE2d 358) (1985); see generally *Banks v. State*, 200 Ga. App. 378 (408 SE2d 484) (1991); *Little v. State*, 205 Ga. App. 578 (423 SE2d 42) (1992); *Montgomery v. State*, 204 Ga. App. 534 (1) (420 SE2d 67) (1992); *Shropshire v. State*, 201 Ga. App. 421 (411 SE2d 339) (1991).

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

Decided March 17, 1994 —
Reconsideration denied March 29, 1994 — 

*H. Kimbrell Sawyer III*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Grover W. Hudgins, Assistant District Attorney*, for appellee.