COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Coleman and Willis
Argued at Salem, Virginia


DANTE VOLTAIRE FLESHMAN
                                   MEMORANDUM OPINION[*] BY
v.        Record No. 1495-96-3    JUDGE JERE M. H. WILLIS, JR.
                                        MAY 13, 1997
COMMONWEALTH OF VIRGINIA

          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                    Mosby G. Perrow, III, Judge

          David D. Embrey for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Dante Voltaire Fleshman appeals his conviction for malicious

wounding in violation of Code § 18.2-51, and contends that the

evidence was insufficient to support his conviction.

Specifically, he argues that the evidence failed to prove an

intention to permanently disable his victim.  We disagree and

affirm the judgment of the trial court.

     "On appeal, we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom."  Martin v. Commonwealth,

4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

     On the evening of April 13, 1994, when Sherrie Bryant, an

employee of Domino's Pizza, stepped out of her vehicle to deliver

a pizza, she was surrounded by three men.  They demanded her

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

money and pizza.  Fleshman grabbed Ms. Bryant in a choke hold. Ms. Bryant surrendered the pizza and her money to one of the men standing in front of her.

Ms. Bryant testified that as Fleshman held her, he punched the side of her neck "about six times."  In response to her plea to release her, telling him that she had four children, Fleshman replied, "I don't give a f___," and continued to hold and punch her.

The men released Ms. Bryant after several minutes, and she returned to the store.  She testified that she "was hurting really bad," and that her "neck was very, very sore."  Due to a lump in her shoulder and a severe pain in her neck, she went to the hospital.  She testified that two years later, she continues to have difficulty moving her arm.  She can write for only ten to fifteen minutes because her arm gets "numb all the way down." Physical therapy has assisted her in holding her head up, but she remains unable to turn her neck to the right, or to look back, without sharp pain.  She has received counseling for post-traumatic stress syndrome resulting from the incident.

The sole issue in this case concerns the intent with which the injuries were inflicted.  Fleshman argues that he intended the choke hold and the blows to Ms. Bryant's neck only to intimidate her in order to accomplish the robbery, not to disable her.

The requisite state of mind for malicious wounding derives

not from the means employed to inflict the bodily injury, but from the intent with which the injury is inflicted. <u>Williams v. Commonwealth</u>, 13 Va. App. 393, 397, 412 S.E.2d 202, 204 (1991). Thus, the use of bare fists alone will not preclude a finding of intent to disable. <u>Dawkins v. Commonwealth</u>, 186 Va. 55, 63, 4 S.E.2d 500, 504 (1947).

In <u>Long v. Commonwealth</u>, 8 Va. App. 194, 379 S.E.2d 423 (1989), we discussed the means used to prove a malicious intent to wound another under Code § 18.2-51. We held that:

> "Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case." <u>Ridley v. Commonwealth</u>, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). Intent may be shown by a person's conduct and by his statements. <u>Hargrove v. Commonwealth</u>, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974).

<u>Long</u>, 8 Va. App. at 198, 379 S.E.2d at 426.

Without provocation, Fleshman grabbed Ms. Bryant in a choke hold. Forcing her into submission, he repeatedly punched her in the neck, exhibiting a callous and violent disregard for a vulnerable part of her body. In responding to her pleas for mercy, Fleshman spoke coarsely and without concern. This attendant brutality continued even after the robbery was accomplished. As a result, Ms. Bryant suffered permanent disability. These facts and circumstances support the fact finder's inference that Fleshman intended the natural and probable consequences of the beating he administered to Ms.

Bryant.  See Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991).

The judgment of the trial court is affirmed.

Affirmed.